626 P.2d 149

**STATE of Arizona, Appellee,**

v.

**Robert H. KEY, Appellant.**

**No. 1 CA–CR 4397.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 24, 1981.

Rehearing Denied March 18, 1981.

Review Denied April 7, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Kanne & Bickart by Allen B. Bickart, Phoenix, for appellant.

## OPINION

EUBANK, Judge.

Appellant was convicted of the offense of receiving stolen goods (A.R.S. § 13–621; now § 13–1802) following a trial by jury. The trial court suspended imposition of sentence, placed him on probation for a period of five years, and ordered him to make restitution to the victim in the sum of $4,000 during that period of time. The judgment and sentence were affirmed by this Court on appeal in *State v. Key*, 118 Ariz. 196, 575 P.2d 826 (App.1978). The facts are set forth in *Key* and will not be repeated here.

On August 11, 1978, appellant moved to modify the conditions of his probation. Judge Cordova, who presided over appellant's trial, entered an order terminating appellant's probation January 1, 1979, on condition that the restitution previously ordered be fully paid. The State did not appeal this order. Thereafter, on appellant's application, Judge Goodfarb entered an order making these findings: (1) that appellant had completed probation and was entitled to an order restoring his civil rights pursuant to A.R.S. § 13–912; (2) that the vacation of judgment and dismissal of charges is discretionary with the court and could be considered separate from the restoration of civil rights; and (3) that the appellant's offense was not such that a vacation of judgment and setting aside of the plea and dismissal of the charges "should occur approximately two-and-one-fourth years after being convicted and after defendant only spent eighteen months on probation." The court then entered a judgment in accordance therewith. Appellant filed a notice of appeal from the order refusing to set aside the conviction. Appellant contends in this appeal that: (1) Judge Goodfarb exceeded his jurisdiction by collaterally attacking Judge Cordova's previous findings, and (2) that vacation of judgment, entry of plea of not guilty, and dismissal of the charges cannot be considered separate from restoration of civil rights.

Appellant first contends that Judge Goodfarb exceeded his jurisdiction by collaterally attacking and overruling Judge Cordova's judgment in "finding that appellant should have spent more than eighteen months on probation." We disagree. Judge Cordova modified the term of probation to terminate January 1, 1979, if restitution in the sum of $4,000 had been paid by that date. On February 1, 1979, Judge Goodfarb entered an order discharging appellant from probation, thereby specifically implementing Judge Cordova's previous order. Thereafter, Judge Goodfarb entered his order refusing to vacate the judgment of guilt and dismissing the charges, but did restore appellant's civil rights. In making this order, Judge Goodfarb found: "Defendant's offense as detailed in 118 Ariz. 196, 575 P.2d 826 (1978) is not such that a *vacation of judgment and setting aside of the plea and dismissal of the charges* should occur two-and-one-fourth years after being convicted and after the defendant only spent eighteen months on probation." [Emphasis added]. The order entered by Judge

Goodfarb on September 25 did not reimpose probation on appellant. Thus, the order did not overrule either directly or collaterally Judge Cordova's previous order. It was the exercise of Judge Goodfarb's own discretionary act.

■ Appellant next contends that the trial court erred in treating the restoration of civil rights separately from the vacation of conviction, the entry of a plea of not guilty, and the dismissal of the charges. Appellant asserts that pursuant to Rule 29.1,[1] Rules of Criminal Procedure, 17 A.R.S., persons who successfully complete their probation have the right to restoration of civil rights, to withdrawal of guilty pleas or no contest pleas, and to have their conviction vacated. We disagree.

A.R.S. § 13–904(A) provides that a felony conviction suspends three specific civil rights: the right to vote, the right to hold public office of trust or profit, and the right to serve as a juror. A.R.S. §§ 13–905, 906, and 909–912 set forth the specific statutory provisions for restoration of those civil rights. In all cases, the restoration of civil rights is discretionary with the trial court, A.R.S. § 13–908, except for first offenders. A.R.S. § 13–912 makes the restoration of civil rights automatic for first offenders upon completion of the term of probation or upon discharge from imprisonment, and, in either case, upon the completion of payment of any fine or restitution imposed. Since appellant's conviction of receiving stolen goods was his first conviction, under A.R.S. § 13–912, he was automatically entitled to restoration of his civil rights upon the completion of the term of his probation and the payment of restitution. Rule 29.1 et seq. merely set out the procedure for notice, application, and hearing involving restoration of civil rights or vacation of conviction.

A.R.S. § 13–907, on the other hand, is an entirely separate statute which provides for the setting aside of a judgment of conviction and dismissal of the charge. This statute provides that anyone convicted of a criminal offense, with enumerated exceptions, may, upon fulfillment of the conditions of probation or sentence and discharge by the court, apply to the court to have the judgment of guilt set aside. If the application is granted, the court will then "dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction", with the exception that the conviction may be proved as a prior conviction in a subsequent criminal action. A.R.S. § 13–908 provides that the dismissal of the accusation and vacation of the conviction is discretionary with the trial court. Thus, the entire statutory scheme treats the restoration of civil rights as separate from the vacation of a conviction and the dismissal of the accusation. In the case of a first offender, the restoration of civil rights is automatic. A.R.S. § 13–912. However, vacation of conviction and dismissal of the charge is always discretionary with the court, pursuant to A.R.S. §§ 13–907 and 908. It is therefore clear that the legislature intended that they be separable remedies.

Further, the separate treatment of restoration of civil rights and the vacation of conviction is well-founded in the law. The right to vote, the right to hold public office of trust or profit, and the right to serve as a juror are fundamental rights of a citizen in our democratic society. There is no fundamental right, however, to have one's criminal record expunged. This is a special benefit conferred by statute on persons who are determined by the court, in the exercise of its discretion, to receive the benefit; or if the defendant is in prison, within the discretion exercised by the Board of Pardons and Paroles and the Governor. A.R.S. § 31–901 et seq. The decision to vacate a conviction and to dismiss an accusation may relate to the ability of the convicted person to be licensed to engage in a particular profession or to be employed in a particular occupation. See A.R.S. § 13–904(E). Thus, the

---

1. Rule 29.1 Notice to probationers

Prior to his absolute discharge, a probationer shall receive from his probation officer a written notice of the opportunity to have his civil rights restored, to withdraw his plea of guilty or no contest, or to vacate his conviction.

considerations which would form the basis of a judge's decision to restore a person's civil rights pursuant to A.R.S. § 13–908, may differ substantially from the considerations which form the basis of a determination to vacate a defendant's conviction and dismiss the charge. We conclude, therefore, that the trial court did not err in treating the restoration of civil rights as separable from the vacation of conviction and dismissal of the charge.

For the foregoing reasons, the order of the trial court is affirmed.

HAIRE, P. J., and JACOBSON, J., concur.