3 P.3d 968

The STATE of Arizona, Appellee,

v.

Manuel Frank LEON, Appellant.

No. 2 CA–CR 98–0447.

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 31, 1999.
Review Denied April 18, 2000.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Susanna C. Pineda, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender By Susan C.L. Kelly, Tucson, for Appellant.

## OPINION

HOWARD, Judge.

¶ 1 After a jury trial, appellant was convicted of attempted first-degree murder, aggravated assault, and two counts of endangerment.[1] Because appellant was on

1.  In a separate memorandum decision, we reject    appellant's claims that the trial court erred in

probation for a prior felony disorderly conduct conviction at the time of the offenses, the trial court imposed maximum prison terms as required by the second sentence of A.R.S. § 13–604.02(A), which governs imprisonment for crimes committed while on release for a prior conviction involving the use or exhibition of a deadly weapon or other specified offenses. Appellant challenges the application of that sentence enhancement provision to him. We affirm.

¶ 2 We review issues of statutory interpretation de novo. *State ex rel. Udall v. Superior Court,* 183 Ariz. 462, 904 P.2d 1286 (App.1995). When construing a statute, "we seek to discern the intent of the legislature." *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). If the language of the statute is clear, by giving words their ordinary meaning, we will apply the statute without resorting to other rules of statutory construction. *Udall; see also* A.R.S. § 1–213.

¶ 3 The second sentence of § 13–604.02(A) provides:

> If the person committed [any felony offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction on another of serious physical injury] while on release or escape from confinement for a conviction of a serious offense as defined in § 13–604, an offense resulting in serious physical injury or an offense involving the use or exhibition of a deadly weapon or dangerous instrument, the person shall be sentenced to the maximum sentence authorized under this chapter and is not eligible for suspension or commutation or release on any basis until the sentence imposed is served.

¶ 4 Appellant contends the trial court could not apply this provision to him because his prior conviction had not been designated as dangerous pursuant to A.R.S. § 13–604 at sentencing on that offense and because the state had not alleged that it was a dangerous prior offense in this prosecution. Rather, he contends that he should have been sentenced under the first sentence of § 13–604.02(A), which requires at least the presumptive, rather than the maximum, term of imprisonment.[2]

¶ 5 The designation of appellant's disorderly conduct conviction as nondangerous at sentencing on that charge governed the sentencing range for that offense. *Compare* A.R.S. § 13–604(F) *with* A.R.S. § 13–702(A)(5). Additionally, designation of the prior conviction as nondangerous, as opposed to dangerous, could affect the sentencing range under § 13–604 on some offenses in the present case. However, §§ 13–604 and 13–604.02(A) "deal with different circumstances and can be applied independently." *State v. McDonald,* 192 Ariz. 44, ¶ 12, 960 P.2d 644, ¶ 12 (App.1998). *See also State v. Martinez,* 172 Ariz. 437, 837 P.2d 1172 (App. 1992). "A.R.S. section 13–604 addresses repetitive offenses, while A.R.S. section 13–604.02 addresses offenses that occur while the accused is released from confinement." *State v. Raboy,* 193 Ariz. 396, ¶ 9, 972 P.2d 1032, ¶ 9 (App.1998).[3] The issue, then, is whether a designation of a prior offense as dangerous under § 13–604 is necessary to enhance the sentences under the second sentence of § 13–604.02(A).

¶ 6 Based on the plain language of the second sentence of § 13–604.02(A), the legislature has not limited the predicate for enhanced punishment under that provision to release or escape from confinement for offenses considered "dangerous" under § 13–604. The second sentence of § 13–604.02(A)

---

denying his motion to continue and motion for new trial and that there was insufficient evidence of attempted first-degree murder. The issues addressed in that decision do not warrant publication. Ariz. R.Crim. P. 31.26, 17 A.R.S.

2. The first sentence of § 13–604.02(A) enhances punishment for certain offenses committed while a defendant is on release or has escaped from confinement for a conviction for any felony offense.

3. The state notes that the sentencing minute entry erroneously states that the trial court designated the present offenses repetitive, but the oral pronouncement found them nonrepetitive. The oral pronouncement controls, *see State v. Hanson,* 138 Ariz. 296, 674 P.2d 850 (App.1983), and the minute entry is amended to delete any reference to repetitive offenses.

enhances punishment whenever a defendant is on release or has escaped from confinement for a prior offense which "result[ed] in serious physical injury," whereas § 13–604 requires either the "*intentional or knowing* infliction of serious physical injury" in order for a crime to be designated as dangerous. (Emphasis added.) The second sentence of § 13–604.02(A) also applies when a defendant is on release or has escaped from confinement for a prior offense involving the use or exhibition of a deadly weapon, whereas § 13–604(P) requires the exhibition be in a "threatening" manner for the crime to be dangerous. Furthermore, the second sentence of § 13–604.02(A) also enhances punishment when a defendant is on release or has escaped from confinement for a prior offense which was "a serious offense as defined in § 13–604," although serious offenses are not necessarily dangerous offenses. *Compare* § 13–604(P) and (U)(3).

 ¶ 7 The second sentence of § 13–604.02(A) clearly defines when a defendant's release or escape status triggers its sentence enhancement provisions. Although that status may be based upon release or escape from confinement for crimes which also fall within the definition of dangerous offenses under § 13–604, it is not limited to those offenses. The fact that the prior offense has been designated "nondangerous" under § 13–604 is, therefore, irrelevant to the court's enhancement of the sentence under the second sentence of § 13–604.02(A).[4]

 ¶ 8 Finally, as the state notes, the plain wording of the second sentence of § 13–604.02(A) only requires, in this case, a finding that appellant was on release or had escaped from confinement for a prior felony conviction involving the use or exhibition of a deadly weapon or dangerous instrument. Appellant was on probation for the felony of "recklessly handl[ing], display[ing] or discharg[ing] a deadly weapon or dangerous instrument" with the "intent to disturb the peace or quiet of a neighborhood, family or person...." A.R.S. § 13–2904(A)(6). The

handling, displaying, or discharging of a deadly weapon or dangerous instrument with the intent to disturb the peace necessarily results in "the use or exhibition of a deadly weapon" required for sentence enhancement under the second sentence of § 13–604.02(A). Because his prior offense involved the use or exhibition of a deadly weapon, appellant's sentences were properly enhanced pursuant to the second sentence of § 13–604.02(A).

¶ 9 Appellant's convictions and sentences imposed are affirmed.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and J. WILLIAM BRAMMER, Jr., Presiding Judge.

---

**4.** Moreover, there is no requirement that the circumstances of § 13–604.02 be alleged in the indictment. *Compare* A.R.S. §§ 13–604(P) and 13–604.02. It is sufficient that the state gave

notice in the indictment of its intent to enhance appellant's sentence pursuant to § 13–604.02(A). *See State v. Waggoner,* 144 Ariz. 237, 697 P.2d 320 (1985).