IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-SA 2013-0057 |
| | ) | DEPARTMENT B |
| Petitioner, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| HON. DEBORAH BERNINI, Judge of the | ) | |
| Superior Court of the State of Arizona, in | ) | |
| and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEBBIE LYNN COPELAND, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20103950001

JURISDICTION ACCEPTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                          Tucson
                                                        Attorneys for Petitioner


Lori J. Lefferts, Pima County Public Defender
  By Lisa M. Hise and David J. Euchner                                       Tucson
                                              Attorneys for Real Party in Interest

K E L L Y, Presiding Judge.

¶1        In this special action proceeding, the state has asked us to consider the relationship between a trial court's designation of an offense as "non-dangerous" for the purpose of conviction and sentencing, *see* A.R.S. §§ 13-702, 13-704, and another judge's later consideration of whether that same conviction had been for "a dangerous offense," which would render the defendant ineligible to have the conviction set aside pursuant to A.R.S. § 13-907(D)(1).   Specifically, the state argues the respondent judge erred as a matter of law when she set aside real-party-in-interest Debbie Copeland's conviction for attempted aggravated assault.

¶2        The state contends Copeland's conviction cannot be set aside because it was "for a dangerous offense, even though the allegation of the dangerous nature was dropped" by Copeland's plea agreement, and even though the offense had been designated at conviction as non-dangerous.   The state also urges this court to "grant jurisdiction and publish its decision to provide guidance to the trial courts on this issue," a matter of first impression in Arizona courts.[1]   Copeland joined in that request at oral argument.

---

[1]In support of its argument for special action review, the state submitted two memoranda decisions that purportedly "address[ed] the issue" raised here and "resolve[d] it in the State's favor."   In those decisions, other panels of this court applied an earlier version of § 13-907(D) to conclude the designation of an offense as "non-dangerous" did not preclude a trial court from finding a defendant had been "convicted of a criminal offense . . . [i]nvolving the use or exhibition of a deadly weapon or dangerous instrument," 2006 Ariz. Sess. Laws, ch. 238, § 2, and therefore was ineligible to apply for relief under § 13-907.

**¶3** Although special action review is not available "where there is an equally plain, speedy, and adequate remedy by appeal," Ariz. R. P. Spec. Actions 1(a), the state's right to appeal from post-judgment orders is limited to those orders "affecting the substantial rights of the state or a victim." A.R.S. § 13-4032(4). The state believes its right to a remedy by appeal is not readily apparent, and Copeland agrees. We may accept special action jurisdiction when the "remedy by appeal is not 'equally plain' compared to [a] remedy by special action." *State v. Bernini*, 230 Ariz. 223, ¶ 5, 282 P.3d 424, 426 (App. 2012). We do so here because the question raised may be resolved on purely legal grounds and is likely to arise again, but may evade review by direct appeal. *See State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002) ("Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again."). Although we accept special action jurisdiction, we deny relief, for the reasons that follow.

**Background**

**¶4** On March 28, 2011, Copeland pleaded guilty pursuant to a plea agreement that provided,

> Having been placed under oath by the Court, Defendant, Debbie Lynn Copeland, agrees to plead guilty to the charge(s) of:
>
> Amended count one: attempted aggravated assault, deadly weapon/dangerous instrument, domestic violence, a class four felony
>
> On or about the 23rd day of October, 2010, Debbie Lynn Copeland attempted to assault [T.C.] with a deadly weapon or

3

dangerous instrument, to wit: a knife, in violation of A.R.S. §§ 13-1001, 13-1204(A)(2) and (C),[2] 13-3601, 13-603, 13-704 [sic], 13-701, 13-702, 13-801, 13-804 and 13-811.

The agreement also "amend[ed] the charges filed in this case to the offense(s) set forth above," with "[a]ll other charges and allegations in this case . . . dismissed." Presumably, the agreement's dismissal of "other . . . allegations" included the dismissal of a separate allegation that Copeland had committed a "dangerous offense" that subjected her to an enhanced sentence under § 13-704(A). The agreement did not exclude the possibility of probation, but required that any probation ordered by the court be for a minimum three-year term and include specific conditions.

¶5        The trial court accepted Copeland's guilty plea, stating in its sentencing minute entry,

> It is the judgment of the court that the defendant is guilty of amended count one: attempted aggravated assault, deadly weapon/dangerous instrument, a knife, domestic violence, a Class Four Felony, nondangerous, nonrepetitive offense, in violation of A.R.S. § 13-1001, 13-1204, and 13-3601 committed on October 23, 2010.

The court suspended the imposition of sentence and placed Copeland on a three-year term of probation.

¶6        On April 29, 2013, the respondent judge awarded Copeland a certificate of graduation from a "Specialty Court" and ordered her probation successfully terminated. On May 1, Copeland applied for an order setting aside her judgment of conviction and "restoring her civil rights, with the exception of the right to bear arms," pursuant to

---

[2]Now § 13-1204(D). *See* 2010 Ariz. Sess. Laws, ch. 276, § 2.

4

A.R.S. §§ 13-907 and 13-908. Recognizing that § 13-907(D)(1) provides the section "does not apply" to a person "convicted of a criminal offense . . . [i]nvolving a dangerous offense," Copeland argued her "conviction is not for a dangerous offense" because "in accordance with her plea of guilty, [she] currently stands convicted of attempted aggravated assault, a non-dangerous class four felony."

¶7 The state did not object to restoration of Copeland's civil rights,[3] but argued § 13-907(D)(1) precluded the respondent judge from setting aside the conviction because the charge to which Copeland had pleaded guilty, as reflected in her plea agreement, was necessarily a dangerous offense, notwithstanding its designation at conviction as non-dangerous. Relying on *State v. Leon*, 197 Ariz. 48, ¶ 8, 3 P.3d 968, 970 (App. 1999), the state maintained its construction of § 13-907(D) "is consistent with case law" in which this court has found the designation of a prior offense as non-dangerous, and therefore not subject to an enhanced sentencing range, is not necessarily determinative of other sentencing factors. After a hearing, the respondent granted Copeland's motion to set aside her conviction,[4] and the state's petition for special action relief followed.

---

[3]Because Copeland was a first-time felony offender successfully discharged from probation, the civil rights she sought to have restored were restored by operation of law. *See* A.R.S. § 13-912.

[4]In granting Copeland's motion, the respondent judge did not identify her reasons for rejecting the state's argument that § 13-907(D) precluded such relief.

**Discussion**

¶8        We review a decision to set aside a conviction for an abuse of discretion. *See* A.R.S. § 13-908; *State v. Key*, 128 Ariz. 419, 421, 626 P.2d 149, 151 (App. 1981). We review de novo legal issues, including issues involving statutory construction. *Rasmussen v. Munger*, 227 Ariz. 496, ¶ 4, 260 P.3d 296, 297 (App. 2011). According to the state, Copeland was ineligible to apply to have her conviction set aside under § 13-907(D) because she was "convicted of a criminal offense . . . [i]nvolving a dangerous offense," even though the judgment of conviction specifies that she was convicted of a non-dangerous offense.  Implicitly, the state raises the legal question whether the respondent judge misapplied the law and abused her discretion if she relied on the judgment of conviction designating the offense as non-dangerous in finding, over the state's objection, that Copeland was eligible to apply to have her conviction set aside.[5]

---

[5]*See supra* note 1.  The state's related claim—that the attempted aggravated assault charge in Copeland's plea agreement necessarily establishes her "conviction was for a dangerous offense"—is inconsistent with Arizona law regarding the crime of attempt. *See* A.R.S. § 13-1001(A)(2) (attempt encompasses "any step in a course of conduct planned to culminate in commission of an offense"); *Mejak v. Granville*, 212 Ariz. 555, ¶ 20, 136 P.3d 874, 878 (2006) ("an attempt to commit an offense does not require that all the elements be present for the commission of the offense," but "requires only that the defendant intend to engage in illegal conduct and that he take a step to further that conduct"); *State v. May*, 137 Ariz. 183, 187, 669 P.2d 616, 620 (App. 1983) (travelling to intended victim's house while armed under circumstances inferring intent to assault victim sufficient to establish attempted aggravated assault under §§ 13-1001 and 13-1204(A)(2)); *cf. State v. Kiles*, 222 Ariz. 25, ¶¶ 51-52, 213 P.3d 174, 185 (2009) (capital defendant's conviction for attempted aggravated assault not prior felony conviction involving use or threat of violence "because Arizona's attempt statute permits a crime to be committed with a single nonviolent step").  In light of these authorities, the language in Copeland's plea agreement—that she had "attempted to assault [T.C.] with a deadly

*See Tobin v. Rea*, 231 Ariz. 189, ¶ 14, 291 P.3d 983, 988 (2013) ("Misapplication of law or legal principles constitutes an abuse of discretion."). As addressed below, we conclude such reliance would not be an abuse of discretion.

**Definition of "Dangerous Offense"**

¶9          "'Dangerous offense'" is defined in A.R.S. § 13-105(13) as "an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another person." This definition was added in 2008 to § 13-105, the general definition section for title 13, when the legislature "reorganize[d] title 13, chapters 6 and 7, . . . for the purpose of simplifying the criminal sentencing laws." 2008 Ariz. Sess. Laws, ch. 301, §§ 10, 119. The language for the definition was drawn from former A.R.S. § 13-604, 2007 Ariz. Sess. Laws, ch. 248, § 1, a statute that prescribed enhanced penalties for "[d]angerous . . . offenders" "if the dangerous nature of the felony is charged in the indictment or information and admitted or found by the trier of fact."

¶10          Since the legislature's reorganization of Arizona's sentencing statutes in 2008, the substance of this sentence enhancement provision is found in § 13-704 and is applicable to "a person . . . who stands convicted of a felony that is a dangerous offense," as now defined in § 13-105(13). In 2011, the legislature amended § 13-907(D) to adopt

weapon or dangerous instrument, to wit: a knife"—does not establish that she "us[ed] a knife" to commit that attempt, as the state contends.

the phrase "dangerous offense" for the purpose of the exclusions found in that subsection.[6] 2011 Ariz. Sess. Laws, ch. 90, § 5.

**Application to Set Aside Conviction under § 13-907**

¶11 Section 13-907 provides, "Except as provided in subsection D of this section, every person convicted of a criminal offense, on fulfillment of the conditions of probation or sentence and discharge by the court, may apply . . . to have the judgment of guilt set aside." § 13-907(A). Section 13-907(D) thus serves a gate-keeping function; it identifies those who are ineligible even to apply for such relief. Relevant here, § 13-907(D)(1) provides, "This section does not apply to a person who was convicted of a criminal offense . . . [i]nvolving a dangerous offense." When a motion to set aside a conviction is filed by an eligible applicant—that is, by someone not subject to the exclusions in § 13-907(D)—the decision to grant or deny the request "is always discretionary with the court." *Key*, 128 Ariz. at 421, 626 P.2d at 151; *see also* A.R.S. § 13-908 (grant of relief "under the provisions of [title 13, chapter 9] shall be in the discretion of the superior court judge").

---

[6]Before its amendment in 2011, the subsection had provided, in relevant part, "This section does not apply to a person convicted of a criminal offense: 1. Involving the infliction of serious physical injury. 2. Involving the use or exhibition of a deadly weapon or dangerous instrument." 2006 Ariz. Sess. Laws, ch. 238, § 2. For the purpose of this special action, we accept the parties' assumption that the current statute applies. *See In re Shane B.*, 198 Ariz. 85, ¶¶ 11, 16, 7 P.3d 94, 97-98 (2000) (criminal statute "may be applied retroactively if it has no effect on the underlying offense or the resulting punishment for that offense" and does not affect "pre-existing substantive rights"); *Key*, 128 Ariz. at 421-22, 626 P.2d at 151-52 (unlike restoration of "fundamental" civil rights to vote, hold office, and serve as juror, "[t]here is no fundamental right" to set aside a conviction; latter is "special benefit conferred" at court's discretion).

**Does "Dangerous Offense" Have a Distinct Meaning under § 13-907(D)?**

¶12　　　　The state maintains Copeland's argument below "incorrectly conflates the definitions of the term 'dangerous' as it is used in Section[] . . . 13-907(D)(1) . . . and the term as it is used in the sentence enhancement scheme set forth in . . . § 13-704." As suggested in the state's opposition to Copeland's motion below, this court previously has held a judgment's designation of an offense as non-dangerous, and therefore not subject to § 13-704, may not preclude consideration of whether the prior offense was subject to sentencing decisions based on other, similarly worded factors. For example, in *Leon*, an offender challenged a sentence enhancement imposed for committing dangerous offenses while on probation for "an offense resulting in serious physical injury or an offense involving the use or exhibition of a deadly weapon or dangerous instrument." 197 Ariz. 48, ¶¶ 1, 3, 3 P.3d at 969, *quoting* former A.R.S. § 13-604.02(A), 1997 Ariz. Sess. Laws, ch. 34, § 2 (now A.R.S. § 13-708(B)). Leon had been placed on probation for felony disorderly conduct committed by "recklessly handl[ing], display[ing] or discharg[ing] a deadly weapon or dangerous instrument," A.R.S. § 13-2904(A)(6), designated at sentencing as a non-dangerous offense. *Id.* ¶¶ 5-8.

¶13　　　　We noted "[t]he designation of [Leon]'s disorderly conduct conviction as nondangerous at sentencing on that charge governed the sentencing range for that offense" pursuant to former § 13-604(F), and the "designation of the prior conviction as nondangerous, as opposed to dangerous, could affect the sentencing range under [former] § 13-604 on some offenses in the present case." *Id.* ¶ 5. But "[b]ased on the plain

9

language" of former § 13-604.02(A), we concluded the legislature had "not limited the predicate for enhanced punishment under that provision to release or escape from confinement for offenses considered 'dangerous'" under former § 13-604. *Id.* ¶ 6. Thus, by distinguishing the language used in the two statutes,[7] we determined Leon's sentences were enhanced properly pursuant to § 13-604.02(A), notwithstanding the designation of his prior disorderly conduct conviction as non-dangerous, because he was sentenced for dangerous offenses committed while he was on probation for an offense that necessarily "involved the use or exhibition of a deadly weapon." *Id.* ¶¶ 6-8.

---

[7]Specifically, we wrote:

> [Section] 13-604.02(A) enhances punishment whenever a defendant is on release or has escaped from confinement for a prior offense which "result[ed] in serious physical injury," whereas § 13-604 requires either the "*intentional or knowing* infliction of serious physical injury" in order for a crime to be designated as dangerous. The second sentence of § 13-604.02(A) also applies when a defendant is on release or has escaped from confinement for a prior offense involving the use or exhibition of a deadly weapon, whereas § 13-604(P) requires the exhibition be in a "threatening" manner for the crime to be dangerous. Furthermore, the second sentence of § 13-604.02(A) also enhances punishment when a defendant is on release or has escaped from confinement for a prior offense which was "a serious offense as defined in § 13-604," although serious offenses are not necessarily dangerous offenses. *Compare* § 13-604(P) and (U)(3).

*Leon*, 197 Ariz. 48, ¶ 6, 3 P.3d at 969-70 (emphasis added in *Leon*).

10

¶14     Similarly, in *Montero v. Foreman*, we found no error in the trial court's determination that a defendant convicted of a drug possession charge would be ineligible for probation under A.R.S. § 13-901.01 because his previous conviction for disorderly conduct "constituted a 'violent crime,'" defined as the "'criminal use of a deadly weapon or dangerous instrument.'" 204 Ariz. 378, ¶¶ 5, 12-13, 64 P.3d 206, 208-10 (App. 2003). Like Leon, Montero previously had been convicted of "[r]ecklessly handl[ing], display[ing] or discharg[ing] a deadly weapon or dangerous instrument" pursuant to § 13-2904(A)(6), and that offense had been designated a non-dangerous offense at sentencing. *Id.* We explained that "even though the definitions of these two terms are similar, 'dangerous' and 'violent' are different concepts," *id.* ¶ 12; the designation of the offense as non-dangerous at sentencing therefore did not preclude a finding that Montero had been convicted of a "violent offense," rendering him ineligible for probation under § 13-901.01, *id.* ¶¶ 12-13.

¶15     Thus, in *Leon* and *Montero*, we expressly relied on distinctions between the definitions of "dangerous" in former § 13-604 and definitions of similar—but not identical—concepts found elsewhere in the criminal code. In contrast here, we see no basis for distinguishing a determination of whether an offense was "dangerous" pursuant to § 13-704, as entered in the judgment of conviction, and whether it was "dangerous" pursuant to § 13-907(D). Thus, contrary to the state's argument, there are no separate definitions to "conflate[]" in this case, because both statutory sections now rely on the common definition of dangerous offense in § 13-105(13). Although the state suggests a

11

trial court may not rely on a judgment of conviction designating an offense as non-dangerous to conclude a defendant was not "convicted" of a dangerous offense, and so is not subject to the exclusion in § 13-907(D), it cites no authority to support this proposition. Nor has the state explained why the judgment of conviction designating Copeland's offense as non-dangerous is not a conclusive resolution of that issue, or why relitigation of the designation is not barred by principles of res judicata and collateral estoppel. *See State v. Williams*, 131 Ariz. 211, 213, 639 P.2d 1036, 1038 (1982) (collateral estoppel "'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit'"), *quoting Ashe v. Swenson*, 397 U.S. 436, 443 (1970); *State v. Little*, 87 Ariz. 295, 304, 350 P.2d 756, 761-62 (1960) (principles of res judicata and collateral estoppel apply to criminal judgments).

¶16        At oral argument, the state reasoned that, as a policy matter, it would like the flexibility to reach an appropriate, negotiated resolution by a plea agreement in which it dismisses allegations of a dangerous offense—and therefore does not subject a defendant to the sentence enhancement features of § 13-704—without losing the ability to assert the offender "was convicted of . . . a dangerous offense" under § 13-907(D)(1), and therefore is ineligible to apply for a set-aside of the conviction. We are not persuaded the state loses much by our resolution of this issue.

¶17        As we already have explained, § 13-907(D) serves a gate-keeping function; it precludes those convicted of a dangerous offense from even applying to have the

conviction set aside. A court's determination that an offender was convicted of a non-dangerous offense, based on that express finding in a judgment of conviction, merely permits the application. It does not end the inquiry, but opens it to any facts relevant to the court's broad discretion in considering the request to set aside a conviction, including any facts or issues the state raises in opposition. *See, e.g.*, *Key*, 128 Ariz. at 420-22, 626 P.2d at 150-52 (court did not abuse discretion in considering nature of offense and short time since conviction in denying motion to set aside). From a policy perspective, we conclude the state suffers little prejudice from having to oppose the merits of an application to set aside a conviction for an offense designated at judgment as non-dangerous.

**Conclusion**

¶18 The respondent judge did not abuse her discretion in concluding Copeland was not ineligible, under § 13-907(D), to apply to set aside her conviction for attempted aggravated assault, which was designated a non-dangerous offense in the judgment of conviction.[8] Because §§ 13-704 and 13-907(D) both employ the definition of "[d]angerous offense" provided in § 13-105(13), a trial court may rely on a conviction's designation of an offense as non-dangerous to find a defendant eligible to apply for relief pursuant to § 13-907. Whether to grant the requested relief and set aside the conviction remains in the sound discretion of the trial court, as provided in § 13-908.

---

[8]The state has argued only that Copeland was ineligible, as a matter of law, to have her conviction set aside and otherwise has not challenged the respondent judge's exercise of discretion in granting relief.

13

¶19    Accordingly, although we accept jurisdiction of the state's petition for special action, we deny the requested relief.


                                        /s/ _Virginia C. Kelly_____
                                        VIRGINIA C. KELLY, Presiding Judge

CONCURRING:

/s/ _Peter J. Eckerstrom_____
PETER J. ECKERSTROM, Judge


/s/ _J. William Brammer, Jr._____
J. WILLIAM BRAMMER, JR., Judge*


*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed December 12, 2012.