NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES KOT, *Appellant.*

Nos. 1 CA-CR 16-0751
1 CA-CR 16-0758
1 CA-CR 16-0762
(Consolidated)
FILED 4-3-2018

---

Appeal from the Superior Court in Maricopa County
Nos.  CR2008-162757-001
CR2010-118787-001
CR2009-125307-001
The Honorable Barbara L. Spencer, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

¶1 James Kot appeals the superior court's denial of his motions to set aside his convictions. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In CR2008-162757, Kot pled guilty to unlawful flight from a law enforcement vehicle, a class 5 designated felony (the "2008 case"). Kot also pled guilty in case number CR2009-125307 to aggravated assault, a class 6 designated felony, for an offense against an employee acting in his official capacity at the county jail, committed while Kot was in the jail for the 2008 offense (the "2009 case"). The superior court suspended the imposition of sentence and placed Kot on concurrent probation terms and ordered that he serve 90 days in the county jail as a condition of his probation.

¶3 In CR2010-118787, the State charged Kot with two counts of aggravated assault of a peace officer and one count of misdemeanor assault (the "2010 case"). Kot pled guilty to one count of aggravated assault, a class 6 designated felony, and the superior court found Kot in violation of his probation in both the 2008 and 2009 cases. The superior court ordered concurrent probation terms with 364 days in jail, awarding 88 days of presentence incarceration credit. In October 2011, the superior court granted Kot's motion to terminate probation in each case.

¶4 About five years later, Kot moved to set aside his convictions pursuant to Arizona Revised Statutes ("A.R.S.") section 13-907 (setting aside judgment of a convicted person) and requested an evidentiary hearing.[1] In the motions, Kot stated he was requesting to have his

---

[1] We cite to the current version of all statutes cited in this decision, which the Legislature has not materially amended since Kot moved to set aside his convictions.

convictions set aside and to have his civil rights restored, but not seeking to restore his "gun rights."

¶5 The State objected, pointing out that Kot had three felony convictions, committed the 2010 felony while on probation, the 2008 and 2009 convictions involved him "being aggressive with police officers," and the 2009 and 2010 convictions involved "crimes of violence." Kot filed a partial reply. Without considering the partial reply, and without a hearing, the superior court denied the motions, citing Kot's criminal history and mental health history as the bases for the denial.

¶6 Kot moved for reconsideration. He generally argued the offenses were non-dangerous and acknowledged his mental illnesses had impacted his conduct, resulting in the convictions. He explained that his mental illnesses caused his response to the officers resulting in their official use of force. He argued, however, that the superior court relied on legally "inappropriate criteria" when it denied the motions based on his mental health and criminal history. The court denied the motions for reconsideration, again citing Kot's criminal and mental health history. Kot timely appealed the denial of his motions for reconsideration. We have jurisdiction over this appeal pursuant to A.R.S. §§ 12-120.21, 13-4033(A)(3).

## DISCUSSION

### I. Motions to Set Aside

¶7 The superior court has discretion to grant or deny a motion to set aside a conviction of an applicant who is not subject to the categorical bars under A.R.S. § 13-907(E). *State v. Bernini,* 233 Ariz. 170, 174, ¶ 11 (App. 2013). In such cases, we review the denial of a motion to set aside for an abuse of discretion, but review issues of statutory interpretation de novo. *State v. Hall*, 234 Ariz. 374, 375, ¶ 3 (App. 2014). A superior court abuses its discretion when it commits an error of law. *Id*.

¶8 Kot first argues the superior court committed an error of law by using his mental health history as a reason for denying his motions to set aside. He claims, in so doing, the court violated federal law, specifically the Americans with Disabilities Act ("ADA").[2] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such

---

[2] Kot did not raise this argument in his motions for reconsideration; instead, he argued the court's reliance on a "status"-based criteria (mental illness) was impermissible because it was akin to punishing one's "status" under the Eighth Amendment.

disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132; *see also* 42 U.S.C.A. § 12131(1) (public entities include state or local governments and their instrumentalities). The parties do not dispute that Kot is a qualified individual with a disability within the meaning of the ADA.

¶9　　　　According to the State, the dispositive issue here is simply whether a court's exercise of its discretion in ruling on a motion to set aside is a "service, program, or activity" within the meaning of the ADA. Specifically, the State argues that the court's discretionary decision in ruling on a motion to set aside cannot be a "service, program, or activity" under the ADA because an eligible applicant is not "entitled" to have his or her conviction set aside under A.R.S. § 13-907. The State appears to overstate the limits to the scope of Title II of the ADA. *See Thompson v. Davis*, 295 F.3d 890, 896-98 (9th Cir. 2002) (Title II of the ADA applies to substantive criminal law decisions including consideration for parole). Nevertheless, we need not decide whether the ADA applies to resolve this appeal.

¶10　　　　Even assuming, without deciding, Title II of the ADA extends to such discretionary decisions and a plaintiff could bring a claim for discrimination, the record here demonstrates it was not error for the court to consider and rely on Kot's mental health history. As Kot acknowledged, his mental health was relevant to the superior court's consideration of his criminal convictions. In his motions, he stated his mental illnesses contributed to his reaction to the use of force and to difficulty dealing with people in uniforms. For example, he discussed how his experience as a child soldier in Sudan, and later as a refugee, caused his mental health issues, including PTSD, resulting in his status as seriously mentally ill. The interplay between his mental health and his convictions was therefore directly relevant to the court's decision to grant or deny the motions to set aside. Moreover, Kot admitted that although designated as non-dangerous offenses via his plea agreement, the assault charges were charged as, and constituted, violent episodes.

¶11　　　　As such, we reject Kot's argument that because the court relied on his mental health history the court must have had "express discriminatory animus." Based on this record, the superior court had a valid reason to consider Kot's mental health history as a basis to deny the motions. Therefore, the court's reliance on his mental health history did not constitute legal error, nor was it was discriminatory within the meaning of the ADA. *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (a prima facie case for discrimination under the ADA requires a plaintiff to

show the exclusion or denial of benefits of a service, program, or activity was by reason of the person's disability).[3]

**¶12**　　　　We next turn to Kot's argument that under the plain language of A.R.S. § 13-907, it is an error of law for the superior court to use an applicant's criminal history as a basis for denying a motion to set aside. Kot reasons that permitting a court to do so would render the "benefits" of a motion to set aside "illusory and unachievable" because all applicants have a criminal history. We likewise reject this argument.

**¶13**　　　　"[W]hen interpreting a statute, we look first to the plain language of the statute as the best and most reliable index of a statute's meaning." *Hall*, 234 Ariz. at 376, ¶ 8 (citation omitted). Kot is right that A.R.S. § 13-907 places limits on the superior court's discretion. *See* A.R.S. § 13-907(E) (listing criminal offenses ineligible for setting aside); *Bernini*, 233 Ariz. at 174, ¶ 11 (Section 13-907(E) "serves a gate-keeping function; it identifies those who are ineligible even to apply for such relief."). But, as discussed, the statute otherwise provides the superior court with the discretion to grant or deny a motion to set aside based on the facts of the crime and the defendant. Based on the statute's plain language, it would be error to conclude that because the statute expressly bars relief for the enumerated convictions, in so doing the Legislature precluded the courts from considering an applicant's criminal background.

**¶14**　　　　Further, in 2015, the Legislature amended A.R.S. § 13-907 to add the following provision: "Notwithstanding § 13-905 or 13-906, if a judgment of guilt is set aside pursuant to this section, the person's right to possess a gun or firearm is restored. This subsection does not apply to a person who was convicted of a serious offense as defined in § 13-706." A.R.S. § 13-907(D); 2015 Ariz. Sess. Laws, ch. 228, § 1 (1st Reg. Sess.). The amendment makes the restoration of gun and firearm rights automatic, unless the conviction was for a serious offense, upon a grant of a motion to set aside, without a two-year waiting period. *Cf.* A.R.S. § 13-905(C) (restoration of civil rights; person convicted of non-dangerous, non-serious offense required to wait two years before filing for restoration of gun and firearm rights). An eligible applicant's criminal history, including the nature and number of offenses, is directly relevant to the superior court's decision to deny or grant a motion to set aside, which, if granted, restores

---

[3] We therefore need not, and do not, address the State's assertion that we should affirm because the superior court provided a non-discriminatory reason when it also relied on Kot's criminal history.

gun and firearm rights when the offense is not a serious offense under A.R.S. § 13-706.[4] We therefore conclude the superior court did not commit an error of law in relying on Kot's criminal history when it denied the motions to set aside.[5]

¶15          Accordingly, the superior court, after considering the motions for reconsideration, acted within its discretion to deny Kot's motions to set aside. *See State v. Key*, 128 Ariz. 419, 421 (App. 1981) (decision to grant or deny a request is always discretionary with the court).

## II.     Restoration of Civil Rights

¶16          Kot also argues the superior court abused its discretion in denying his motions to restore his civil rights pursuant to A.R.S. § 13-905 (restoration of civil rights for persons completing probation). This issue, however, is not properly before this court. The record demonstrates the superior court treated Kot's motions, without objection, as motions to set aside his convictions under A.R.S. § 13-907. This court has previously stated a motion to set aside a conviction under A.R.S. § 13-907 is not the same as a motion for restoration of civil rights under A.R.S. § 13-905. *Key*, 128 Ariz. at 421-22 (noting different statutory scheme and rationale).

¶17          As discussed, although the restoration of a "person's right to possess a gun or firearm" is now restored upon a grant of a motion to set aside, A.R.S. § 13-907(D), we see no reason to revisit our previous holding that a motion to restore civil rights is not equivalent to a motion to set aside. Under A.R.S. § 13-905, a person convicted of two or more felonies who has completed his or her probation can have other civil rights, aside from the right to possess a firearm and gun, restored. *See* A.R.S. § 13-905(A); *see also* A.R.S. § 13-904(A) *(*felony conviction suspends certain civil rights, including the right to vote, to serve as a juror, and the right to possess a firearm or gun). And A.R.S. § 13-905, unlike A.R.S. § 13-907(D), continues to require the two year waiting period before the filing of restoration of the right to possess or carry a gun or firearm for non-dangerous, non-serious

---

[4] Kot argues on appeal that the grant of a motion to set aside does not restore his gun rights. Kot's reliance on *State v. Hall*, 234 Ariz. at 377, ¶ 11, however, is misplaced as *Hall* was decided before the 2015 amendment to A.R.S. § 13-907.

[5] Although Kot also argues the superior court's use of his criminal history "alone" was in error, as he acknowledges, the court relied on both his criminal and mental health history.

felony convictions. A.R.S. § 13-905(C). Thus, despite the amendment to A.R.S. § 13-907, a motion to set aside is distinct from a motion to restore one's civil rights.

¶18     Accordingly, we decline to address whether the superior court abused its discretion in denying Kot's motions to restore his civil rights because there is no indication that such a motion was before the superior court.

## CONCLUSION

¶19     For the foregoing reasons, we affirm the superior court's denial of Kot's motions to set aside his convictions.



AMY M. WOOD • Clerk of the Court
FILED:   AA