NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEAN BENALLY, *Appellant.*

No. 1 CA-CR 17-0658
FILED 6-28-2018

Appeal from the Superior Court in Coconino County
No.  CR S0300CR78008342
The Honorable Mark R. Moran, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Dean Benally, Phoenix
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1             Dean Benally appeals from the trial court's decision denying his application to set aside his felony conviction and restore his civil rights. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2             In 1978, Benally pleaded guilty to one count of first-degree burglary, a felony. The trial court suspended the sentence and placed him on probation for thirteen months. In 1979, the court revoked Benally's probation and sentenced him to one year in prison. Between 1983 and 2016, Benally was convicted of eleven more felonies.

¶3             In July 2017, while incarcerated for a separate felony conviction, Benally applied to set aside the 1978 conviction and restore his civil rights, including the right to possess a firearm. The State opposed the application, noting Benally's more recent felony convictions. The trial court denied his application.

¶4             In September 2017, Benally again moved to set aside his 1978 conviction and restore his civil rights. The State opposed the request, citing Benally's criminal history and current incarceration. The court again denied the request. Benally timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 13-4033(A)(3).[1] *See State v. Hall*, 234 Ariz. 374, 375, ¶ 2 (App. 2014) (citing A.R.S. § 13-4033 in support of the appellate court's jurisdictional authority to review a trial court's denial of a request to set aside a felony conviction); *cf. State v. Sanchez*, 209 Ariz. 66, 68 n.2, ¶ 4 (App. 2004) (finding the denial of a defendant's request to expunge his record was "an order made after judgment that affect[ed] his substantial rights").

---

[1]     Absent material changes from the relevant date, we cite a statute's current version.

## DISCUSSION

### I. Restoration of Civil Rights

¶5        We review a trial court's decision denying a request to restore civil rights for an abuse of discretion. *See State v. Nixon*, 242 Ariz. 242, 244, ¶ 10 (App. 2017) (citing A.R.S. § 13-908). Benally argues his civil rights should be restored pursuant to A.R.S. § 13-912, which states:

> Any person who has not previously been convicted of any other felony shall automatically be restored any civil rights that were lost or suspended by the conviction if the person both:
>
> 1.        Completes a term of probation or receives an absolute discharge from imprisonment.
>
> 2.        Pays any fine or restitution imposed.

As the State notes, Benally's civil rights were automatically restored in 1980 after he was discharged from prison for his 1978 felony conviction, but were suspended again when he was subsequently convicted of another felony. Because his rights were suspended for another felony, Benally cannot now request they be restored based upon his absolute discharge from the 1978 conviction. Benally must wait two years until after his absolute discharge from his most recent felony conviction to apply to have his civil rights restored. *See* A.R.S. § 13-906(A), (B). Accordingly, we affirm the denial of his request to restore his civil rights.

### II. Application to Set Aside Conviction

¶6        We review a trial court's decision denying a request to set aside a conviction for an abuse of discretion. *Hall*, 234 Ariz. at 375, ¶ 3 (citing *State v. Bernini*, 233 Ariz. 170, 172, ¶ 8 (App. 2013)). Benally does not allege, nor is there any evidence in the record indicating, that the court based its decision upon improper factors. Accordingly, we find the court acted within its discretion to deny Benally's motion to set aside the conviction. *See State v. Key*, 128 Ariz. 419, 421 (App. 1981) (holding the decision to grant or deny a request to set aside a conviction is always discretionary).

¶7        Benally also briefly suggests the trial court's decision constituted a "cruel and unusual punishment" and violated the Privileges and Immunities Clause of the Fourteenth Amendment. To the extent

Benally raises any of these as issues on appeal, we find he has waived them by failing to develop sufficient arguments. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim.") (citations omitted).

¶8          Finally, Benally argues his conviction should be set aside and his rights restored because there are "no records of the matter," presumably referring to the 1978 conviction. The record does not support this argument; all relevant documents, including the minute entries for his change of plea, sentencing, and revocation of probation are included within the record on appeal.

**CONCLUSION**

¶9          The trial court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA