NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WESLEY WILLIAM HARRIS, *Appellant*.

No. 1 CA-CR 18-0349
FILED 4-2-2019

Appeal from the Superior Court in Maricopa County
No. CR1996-004360-A
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Appellee*

Law Offices of Kimberly A. Eckert, Tempe
By Kimberly A. Eckert
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**C R U Z**, Judge:

¶1        Wesley William Harris appeals the superior court's denial of his motion to set aside a 1998 judgment and conviction on one count of aggravated assault.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 1994 Harris retrieved a handgun and pointed it at an employee after the two were involved in a physical altercation.  As a result of those events, Harris was convicted of one count of aggravated assault; at sentencing, the court entered a guilty verdict on the charge of aggravated assault, a non-dangerous offense, and imposed a three-year probationary term.  Harris appealed, and we affirmed the conviction.

¶3        The State filed a petition to revoke Harris' probation in 1999, alleging he violated the condition of his probation requiring he not "possess, control or have access to firearms."  Harris was found in violation of probation.  However, the court reinstated him on probation.  Harris appealed the finding of violation of probation and again we affirmed.

¶4        In 2001, on Harris' motion, the court reinstated his civil rights and vacated the judgment against him.  However, the State filed a motion seeking reconsideration of the ruling in favor of Harris on the basis that the State's response had not been considered by the court and that Harris was ineligible for the requested relief because he used a gun in the commission of the offense.  The court agreed and vacated its previous order in favor of Harris "because the Defendant was convicted of an offense involving a gun, and therefore cannot have [his] judgment set aside [in accordance with Arizona Revised Statutes ("A.R.S.")] Section 13-907(B)(2) [(2001)]."  The court did, however, again restore Harris' civil rights.  In February 2018, Harris filed a new motion to set aside the judgment against him, and to regain his right to possess firearms.  Over the State's objection, the court restored Harris' right to possess firearms, but declined to set aside his conviction.

**¶5**        Harris timely appealed the court's denial of his motion to set aside his conviction. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 13-4033(A)(3).

## DISCUSSION

**¶6**        Harris contends that the superior court erred in basing its denial of his motion to set aside his conviction on the "nature of the conviction." We review a court's order on a motion to set aside for abuse of discretion. *State v. Bernini*, 233 Ariz. 170, 172, ¶ 8 (App. 2013) (citing A.R.S. § 13-908; *State v. Key*, 128 Ariz. 419, 421 (App. 1981)). A court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982); *see also Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982) (stating discretion abused if "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons").

**¶7**        In Arizona, persons convicted of criminal offenses "may apply to the court to have the judgment of guilt set aside" upon fulfillment of their sentence or probation. A.R.S. § 13-907(A). When determining whether to grant such an application, the court shall consider:

1. The nature and circumstances of the offense that the conviction is based on.

2. The applicant's compliance with the conditions of probation, the sentence imposed and any state department of corrections' rules or regulations, if applicable.

3. Any prior or subsequent convictions.

4. The victim's input and the status of victim restitution, if any.

5. The length of time that has elapsed since the completion of the applicant's sentence.

6. The applicant's age at time of the conviction.

7. Any other factor that is relevant to the application.

A.R.S. § 13-907(C). Subsection (K)(1) of the statute states that persons convicted of dangerous offenses are ineligible to apply to have their

conviction set aside. A dangerous offense includes the "threatening exhibition of a deadly weapon." A.R.S. § 13-105(13).

¶8 In *Bernini*, this court addressed whether dangerous offenses designated at sentencing as non-dangerous render a person eligible to have their conviction set aside under § 13-907. 233 Ariz. at 171, ¶ 1. We concluded that the superior court *may* rely on the designation of an offense as non-dangerous, regardless of the underlying nature of the offense, and therefore may consider the defendant's § 13-907 application. *Id.* at 175-76, ¶ 18. Accordingly, designation of a statutorily-dangerous offense as non-dangerous "merely *permits* the application"; but "[w]hether to *grant* the requested relief and set aside the conviction remains in the sound discretion of the trial court." *Id.* at 175-76, ¶¶ 17-18 (emphasis added).

¶9 Here, Harris was convicted of aggravated assault after he retrieved and pointed a firearm at the victim—an act defined under Arizona law as dangerous, notwithstanding its non-dangerous designation for sentencing purposes. Our holding in *Bernini* permits Harris to submit a § 13-907 application to set aside the judgment of guilt. *Id.* at 175, ¶ 15. However, that holding does not entitle Harris to have the judgment of guilt set aside, or limit in any way the court's authority to consider the statutory factors and deny the application. As such, the court did not abuse its discretion when it denied Harris' application to set aside his conviction due to the nature of the offense.

## CONCLUSION

¶10 Finding no abuse of discretion, we affirm.

