[Civil No. 3473. Filed January 28, 1935.]

[40 Pac. (2d) 748.]

STATE OF ARIZONA, Appellant, v. FIFTEEN SLOT MACHINES, Appellee.

Mr. Renz L. Jennings, County Attorney, Mr. A. David Latham, Deputy County Attorney, and Mr. Arthur T. La Prade, Attorney General of the State of Arizona, for Appellant.

No appearance for Appellee.

ROSS, J.—The trial court disposed of this case as it did case No. 3472, *State of Arizona* v. *Gambling Equipment, ante,* p. 112, 40 Pac. (2d) 746, just decided. The proceedings in the two cases are very much alike. They differ in this very material respect: In case No. 3472 the gambling equipment was seized under a search warrant and was thereafter *in custodia legis.* In the present case the slot machines were seized by the sheriff and taken away from the operators or owners without any warrant or process whatever. The owners or operators were not arrested or charged with any offense. These slot machines were never *in custodia legis,* as was the gambling equipment in case No. 3472.

The statutes authorize a peace officer to arrest a person who is committing a crime in his presence (section 4937, Rev. Code 1928), but we know of no law that authorizes such officer to seize the means with which the crime was committed, except as evidence against the criminal. The law does not provide for the seizure of gambling devices nor for their forfeiture or destruction. One who plays the gambling games denounced, or maintains or keeps a place where they are played, or leases a building or house for a gambling resort, may be punished by fine or imprisonment or both. Sections 4671–4676, Rev. Code 1928. But his property cannot be condemned or taken or confiscated, the law not having so provided. *State of Arizona* v. *Gambling Equipment, supra.*

The owners and operators of the slot machines demurred to the complaint on the ground that it appeared upon the face thereof that the court did not have jurisdiction over the subject-matter of the action or the parties.

The whole proceeding was *extra judicium*. We have no law authorizing the sheriff to take possession of or seize gambling implements simply because they are such. He may arrest the one violating the gambling law upon a warrant, or without a warrant if the offense is committed in his presence, but he cannot go out into his bailiwick and pick up gambling devices or other instruments or implements of crime and report them to the county attorney or the superior court and thus confer jurisdiction on the court to order their destruction. Before that may be done there must be legislation authorizing it. It was error not to sustain the demurrer.

The case is reversed and remanded, with the direction that the demurrer be sustained.

LOCKWOOD, C. J., and McALISTER, J., concur.