514 P.2d 265

**The STATE of Arizona, Appellant,**

v.

**CLIFTON LODGE NO. 1174, BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF the UNITED STATES of America, a non-profit Arizona corporation, Appellee.**

**No. 2 CA–CIV 1388.**

Court of Appeals of Arizona,
Division 2.

Sept. 25, 1973.

Rehearing Denied Oct. 23, 1973.

Review Denied Nov. 13, 1973.

Gary K. Nelson, Atty. Gen. by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellant.

J. William Moore, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

The State has appealed from a judgment against it which ordered it to return a number of slot machines and the monies contained in said machines seized from plaintiff-appellee. The sole question on appeal is whether the State is empowered by A.R.S. Art. 21, Title 13, Ch. 2 to seize and destroy slot machines used for gambling and to pay the monies seized to Greenlee County or the City of Clifton. On January 16, 1972, agents of the Arizona Department of Public Safety seized fourteen slot machines in possession of and being operated for gambling by the Elks Lodge of Clifton, Arizona. An undetermined amount of money inside the machines was also seized.

A criminal complaint was filed against Thomas Sharp (the Exalted Ruler of the Elks) charging him with violating A.R.S. § 13-437 (managing, owning, or leasing a building used for gambling). He was convicted of said offense on March 29, 1972 in the Justice Court, Precinct No. 1, of Greenlee County.

On September 14, 1972, the appellee, Clifton Lodge, initiated this action (authorized by A.R.S. § 13-439, subsec. B) for the return of the seized money and machines or their value. The State answered that it was empowered by A.R.S. § 13-439

to seize and destroy the machines and to pay the monies seized to the county or city. After a short trial, judgment was entered for the Clifton Lodge directing that all of the seized machines and monies be returned by the State.

The resolution of this case depends upon an interpretation of A.R.S. § 13-439, which reads as follows:

"§ 13-439. Seizure and destruction of gambling devices; notice of Intent to destroy; waiting period; Jurisdiction of actions for recovery of devices; disposition of seized money

A. In addition to any other remedy provided by law any machine or other device, the possession or control of which is penalized by the laws of this state prohibiting lotteries or gambling, may be seized by any peace officer, and any such machine or device heretofore or hereafter seized by such officer may be destroyed as provided in this section.

B. After a period of six months has elapsed from the time of the seizure, a notice of intention summarily to destroy such machine or device as provided in this section shall be posted in a conspicuous place upon the premises in or upon which such machine or device was seized. Such machine or device shall be held by such officer for thirty days after such posting, and if no action is commenced to recover possession of such machine or device within such time the same shall be summarily destroyed by such officer, or if the possession or control of such machine or device is or has been held by the court in any such action to be in violation of the laws of this state prohibiting lottery or gambling, or any of them, the same shall be summarily destroyed by such officer as soon as practicable after the decision of the court has become final. The superior court shall have jurisdiction of any such actions or proceedings commenced to re-

cover the possession of such machine or device or any money seized in connection therewith.

C. Any and all money seized in or in connection with such machine or device shall, immediately after such machine or device has been so destroyed, be paid into the treasury of the city or county where seized, said money to be deposited in the general fund."

The trial court ruled that under A.R.S. § 13-439, illegal "possession or control" was a prerequisite to the seizure or destruction of slot machines. It reasoned that since no state statute makes bare "possession or control" of a slot machine a crime, illegal "possession or control" is impossible.[1] The court concluded that since there can be no illegal "possession or control," there can be no seizure or destruction pursuant to A.R. S. § 13-439. We disagree with this reasoning.

Penal (and we assume forfeiture) statutes are to be construed according to the fair import of their terms, with a view to effect their object and to promote justice. A.R.S. § 1-211 subsec. C. Courts must avoid construction of statutes which would render them meaningless or of no effect. City of Phoenix v. Superior Court, 101 Ariz. 265, 419 P.2d 49 (1966). Consideration must be given to both the evil to be remedied and the result which the Legislature desired to reach and the intent may be determined from necessary implication as to what was intended. State v. Zumwalt, 7 Ariz.App. 348, 439 P.2d 511 (1968).

Clearly, A.R.S. § 13-439 was directed toward the seizure and destruction of machines used for gambling in order to discourage gambling. Before enactment of A.R.S. § 13-439 in 1958, our Supreme Court had consistently refused to allow destruction of seized gambling devices since such destruction was not provided for by statute. *See*, In re Twenty-One Slot Machines, Etc., *72 Ariz. 408, 236 P.2d 733*

---

1. We note that the operation of a slot machine for gambling is illegal, A.R.S. § 13-432.

(1951); State v. Fifteen Slot Machines, 45 Ariz. 118, 40 P.2d 748 (1935); and State v. Gambling Equipment, 45 Ariz. 112, 40 P.2d 746 (1935). We surmise that the purpose behind A.R.S. § 13–439 was to give the statutory authorization which the Supreme Court had required.

The construction of A.R.S. § 13–439 urged by appellee and adopted by the trial court totally ignores this legislative purpose. It would render A.R.S. § 13–439 meaningless and of no effect since, under that construction, no gambling device could ever be seized or destroyed.

■ The illegal operation of a slot machine for gambling is the type of illegal "possession or control" contemplated by A.R.S. § 13–439. When the "possession or control" of a slot machine includes using it for gambling, that "possession or control" is "penalized by the laws of this state" (A.R.S. § 13–439), and it can be seized and destroyed in accordance with the terms of A.R.S. § 13–439.

Appellee points out that A.R.S. § 13–439 was adopted almost verbatim from the California Penal Code § 335a, citing Chapman v. Aggeler, 47 Cal.App.2d 848, 119 P.2d 204 (1941), which held that the state could not destroy slot machines since *bare* possession or control was not illegal in California (as is the case in Arizona today). However, the California court made it clear that the owner of the seized machines had not used them for gambling. The court then stated that "it would be necessary . . . in order to convict a person of unlawful *possession or control*, to prove that the machine in question was *operated as a gambling machine*. . . ." (Emphasis added) 119 P.2d at 210. Therefore, our construction of A.R.S. § 13–439 is in accord with the *Chapman* construction of California Penal Code § 335a.

■ We note that where, as here, the owner of seized machines has brought an action to recover them pursuant to A.R.S. § 13–439, subsec. B, that section requires a finding by the court,[2] that the machines were possessed or controlled "in violation of laws of this state prohibiting lottery and gambling", and, therefore, illegally, before they can be destroyed. Appellee admits in its brief and admitted at trial that ten of the fourteen seized machines were used for gambling and, therefore, were possessed or controlled unlawfully under our definition set out above.

We vacate the judgment, remand and instruct the trial court to:

1. Make a finding as to which ten of the fourteen slot machines were used for gambling, and the monies contained in said machines,[3] and

2. Enter an order (a) directing the State to destroy as soon as practicable the ten slot machines which were used for gambling, (b) directing the State to pay into the treasury of Greenlee County or the City of Clifton all monies contained in the ten slot machines used for gambling, pursuant to A.R.S. § 13–439, subsec. C, and (c) directing the State to return to the appellee the four slot machines (or parts thereof) which were not used for gambling, or the value of said machines or parts, and the monies, if any, contained in said slot machines.

HOWARD, J., and JACK G. MARKS, Superior Court Judge, concur.

---

2. We reject the State's contention that the Justice Court conviction of the Elks' Exalted Ruler of violating A.R.S. § 13–437 amounts to such a finding. A.R.S. § 13–439, subsec. B clearly requires such a finding to be made by the superior court in which the recovery action is brought.

3. This should be a fairly easy task since the evidence indicates that the four machines not in use were not operable and were used as a source of spare parts for the ten operable machines.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.