IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee,*

*v.*

RAYMOND ANTHONY HALL,
*Appellant.*

No. 2 CA-CR 2012-0513
Filed March 20, 2014

---

Appeal from the Superior Court in Pima County
No. CR20000137
The Honorable Richard Gordon, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Barbara LaWall, Pima County Attorney
By Nicolette Kneup, Deputy County Attorney, Tucson
*Counsel for Appellee*

Lori J. Lefferts, Pima County Public Defender
By Abigail Jensen, Assistant Public Defender, Tucson
*Counsel for Appellant*

---

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

---

E C K E R S T R O M, Judge:

**¶1**      Appellant Raymond Hall appeals from the trial court's decision denying his application to set aside his felony conviction. For the following reasons, we reverse and remand.

## Factual and Procedural Background

**¶2**      In 2005, Hall pled guilty to conspiracy to commit armed robbery. He was sentenced to a mitigated term of imprisonment, from which he was absolutely discharged in 2007. In 2012, he petitioned the court to set aside his conviction under A.R.S. § 13-907 and to restore his civil rights, including his right to bear firearms under A.R.S. §§ 13-906 and 13-908. After a hearing on Hall's application, the court restored his civil rights, with the exception of the right to possess firearms, but denied Hall's request to set aside the conviction. At that hearing, the court stated, "[I]f it wasn't for my belief that the set aside provision would necessarily mean that your gun rights were restored, I would have granted you relief under [§] 13-907 on the conspiracy conviction." Hall now appeals, claiming the court abused its discretion in concluding that setting aside his conviction pursuant to § 13-907 would necessarily include restoring his right to bear firearms. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(3).

**¶3**      We review a trial court's decision in setting aside a conviction for an abuse of discretion, but we review any issues of statutory construction de novo. *State v. Bernini*, 233 Ariz. 170, ¶ 8, 310 P.3d 46, 48-49 (App. 2013). "An error of law committed in reaching a discretionary conclusion may . . . constitute an abuse of discretion." *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006).

**¶4**      The sole question presented is whether, as the trial court concluded, a person whose conviction is set aside pursuant to § 13-907(C) automatically has all his civil rights, including his right to gun possession, restored or whether, as Hall argues, a court may set aside a person's conviction without restoring the right to gun possession.

¶5          Section 13-907(C) provides:

> If the judge . . . grants the application [to set
> aside a judgment of guilt], the judge . . .
> shall set aside the judgment of guilt,
> dismiss the accusations or information and
> order that the person be released from all
> penalties and disabilities resulting from the
> conviction except those imposed by [the
> Department of Transportation or the Game
> and Fish Commission pursuant to specified
> statutes].

The trial court concluded this language means that, if a judge grants
an application to set aside a conviction, the judge also must restore
the applicant's right to bear arms. Hall contends that, because the
statutory schemes governing restoration of rights and setting aside
convictions are separate from one another, the specific statutes
governing restoration of the right to possess firearms should control
over the more general statute governing restoration of civil rights
broadly. He further maintains that if we construe § 13-907 as
controlling the right to bear firearms, as the trial court did here, we
would render certain other statutory provisions superfluous. We
agree.

¶6          This court previously has concluded "the entire
statutory scheme" in chapter 9 of title 13 "treats the restoration of
civil rights as separate from the vacation of a conviction and the
dismissal of the accusation. . . . It is therefore clear that the
legislature intended that they be separable remedies." *State v. Key*,
128 Ariz. 419, 421, 626 P.2d 149, 151 (App. 1981). Although *Key*
addressed whether a judge had the authority to restore civil rights
without vacating a conviction, *id.* at 420, 626 P.2d at 150—the reverse
of the question before us—our reasoning applies with equal force to
the instant problem. In *Key*, we also observed that "the
considerations which would form the basis of a judge's decision to
restore a person's civil rights . . . may differ substantially from the
considerations which form the basis of a determination to vacate a
defendant's conviction and dismiss the charge." *Id.* at 421-22, 626
P.2d at 151-52. We thus concluded that both the legislative intent

expressed by the separate remedies provided in the statutory scheme and the logic of considering the matters separately provide courts the flexibility to restore a person's civil rights without setting aside his or her conviction. *See id.*

¶7　　　Within the statutory scheme governing restoration of rights after conviction of a felony, our legislature has addressed the right to bear firearms separately from other civil rights. Section 13-912, A.R.S., provides for the automatic restoration of all civil rights for first time felony offenders meeting certain criteria, with the exception of the "right to possess weapons." Sections 13-905 and 13-906, A.R.S., governing the restoration of rights to persons completing probation and absolutely discharged from prison respectively, both treat the restoration of the right to possess guns or firearms as separate and distinct from the restoration of other civil rights, imposing stricter limitations on a person's ability to regain the right to possess weapons. *See* §§ 13-905(C), 13-906(C).

¶8　　　As noted above, when interpreting a statute, we look first to the plain language of the statute as "the best and most reliable index of a statute's meaning." *State v. Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d 1241, 1243 (2003); *see* A.R.S. § 1-213. We acknowledge that some language in § 13-907(C) could support the trial court's interpretation. That provision states that when a court sets aside a judgment of guilt, "the judge . . . shall . . . order that the person be released from all penalties and disabilities resulting from the conviction." The prohibition on possessing a firearm is one of those disabilities. A.R.S. § 13-904(A)(5). However, "[w]hen two statutes appear to conflict, we will attempt to harmonize their language to give effect to each," *True v. Stewart*, 199 Ariz. 396, ¶ 12, 18 P.3d 707, 710 (2001), and "[c]ourts must avoid construction of statutes which would render them meaningless or of no effect." *State v. Clifton Lodge No. 1174, Benevolent & Protective Order of Elks of the U.S.*, 20 Ariz. App. 512, 513, 514 P.2d 265, 266 (1973).

¶9　　　Under § 13-907(A), a person who has been convicted of any criminal offense—including a "serious offense" under A.R.S. § 13-706—is eligible to apply to have that conviction set aside upon fulfilling his probation or sentence, so long as the conviction is not for a "dangerous offense" or another type of offense specifically

excluded by § 13-907(D). However, under §§ 13-905(C) and 13-906(C), a person who has been convicted of a serious offense is not eligible to apply for the restoration of his right to carry firearms until ten years after his discharge from probation or imprisonment. Likewise, a person convicted of a felony offense that is neither serious nor dangerous is eligible to have his conviction set aside immediately upon discharge from probation or prison, but is ineligible to have his right to carry firearms restored until two years after such discharge. §§ 13-905(C), 13-906(C). Therefore, were we to interpret § 13-907(C) as requiring a judge who sets aside a conviction to restore a defendant's right to bear firearms, it would allow defendants to avoid the mandatory waiting periods imposed by §§ 13-905 and 13-906.

¶10 In situations where a general statute conflicts with a specific one, "the specific governs." *State v. Rice*, 110 Ariz. 210, 213, 516 P.2d 1222, 1225 (1973). Sections 13-905(C) and 13-906(C) are specific provisions governing the restoration of the right to carry firearms, whereas § 13-907(C) concerns only the restoration of rights in a general way, and so, to the extent they conflict, §§ 13-905 and 13-906 should control. In keeping with this principle, and in harmonizing the two statutes to the extent possible, *True*, 199 Ariz. 396, ¶ 12, 18 P.3d at 710, we conclude that § 13-907(C) allows a judge to set aside a defendant's conviction without restoring his right to bear firearms.

¶11 The state does not directly contradict any of Hall's arguments but maintains that the law needs clarification. In this vein, the state observes that if a defendant's conviction has been set aside, but the ban on possession of firearms remains, "it is not clear what the remaining basis for the prohibition is." But, as the state acknowledges, a conviction that has been set aside is not a nullity under Arizona law. A set-aside pursuant to § 13-907(C) "is a special benefit conferred by statute," *Key*, 128 Ariz. at 421, 626 P.2d at 151, meaning it is naturally subject to legislative control and limitations. For example, the legislature has expressly determined that a set aside conviction may be used to enhance or aggravate future sentences. § 13-907(C)(1); *State v. Barr*, 217 Ariz. 445, ¶ 17, 175 P.3d 694, 698-99 (App. 2008). A person whose conviction has been set

aside still must disclose the fact of the conviction if directly asked on an insurance application. *Russell v. Royal Maccabees Life Ins. Co.*, 193 Ariz. 464, ¶ 27, 974 P.2d 443, 449 (App. 1998). And, a conviction that has been set aside may nonetheless be used to impeach a witness pursuant to Rule 609, Ariz. R. Evid. *State v. Tyler*, 149 Ariz. 312, 315, 718 P.2d 214, 217 (App. 1986). Thus, a court's grant of relief pursuant to § 13-907(C) is not intended to eliminate all consequences of a person's criminal conviction under Arizona law, and we conclude a conviction set aside under this statute may continue to serve as the basis for restricting a defendant's right to bear firearms.

## Conclusion

**¶12** The trial court committed an error of law and thus abused its discretion by determining § 13-907 did not allow it to set aside Hall's conviction without also restoring his right to bear firearms. *See Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d at 150. Because the court expressly based its decision upon this error of law, we reverse the order denying Hall's application to set aside his conviction and remand for further proceedings consistent with this opinion.