IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellant,*

*v.*

ELIFONSO ANTHONY CRUZ,
*Appellee.*

No. 2 CA-CR 2021-0035
Filed January 26, 2022

———————————————

Appeal from the Superior Court in Pima County
No. CR20102664001
The Honorable D. Douglas Metcalf, Judge

**VACATED AND REMANDED**

———————————————

COUNSEL

Laura Conover, Pima County Attorney
By Myles A. Braccio, Section Chief of Criminal Appeals, Tucson
*Counsel for Appellant*

Snell & Wilmer LLP, Tucson
By Rory J. Bennett

and

Civil Rights Restoration Clinic, Rogers College of Law, University of
Arizona, Tucson
By Andrew Silverman
*Counsel for Appellee*

**OPINION**

Presiding Judge Eckerstrom authored the opinion of the Court, in which Chief Judge Vásquez and Judge Espinosa concurred.

E C K E R S T R O M, Presiding Judge:

¶1 The State of Arizona appeals from the trial court's order setting aside Elifonso Anthony Cruz's conviction for aggravated assault. Because Cruz's plea agreement included an express admission of sexual motivation, rendering his conviction ineligible to be set aside under A.R.S. § 13-905(N), [1] we vacate the court's order and remand for further proceedings consistent with this opinion.

**Factual and Procedural Background**

¶2 In 2010, the state indicted Cruz on charges of sexual assault and kidnapping. After a jury could not agree on the verdict, prompting a mistrial, the state again indicted Cruz, this time on charges of sexual assault, kidnapping, and sexual conduct with a minor. The second trial also ended in a mistrial due to a deadlocked jury.

¶3 Before his third trial, Cruz entered into a plea agreement in which he admitted to one count of aggravated assault committed in violation of, *inter alia*, A.R.S. §§ 13-118 and 13-1204. In the plea agreement, Cruz admitted he had committed the aggravated assault for the purpose of sexual gratification pursuant to § 13-118.[2] He further agreed to admit he had engaged in "non-consensual sexual contact with the victim," he was

---

[1]The legislature amended § 13-905 in 2021, after the trial court had set aside Cruz's conviction. *See* 2021 Ariz. Sess. Laws, ch. 159, § 1. This amendment resulted in a renumbering of the subsection relevant to Cruz's appeal but did not substantively modify the text of the subsection. *See id.*

[2]As the trial court noted, the agreement mistakenly cited A.R.S. § 13-811, which addresses disposition of fines, rather than § 13-118, which provides for a special allegation of sexual motivation. However, § 13-118 is correctly cited earlier in the document.

"pleading to committing an offense with sexual motivation,"[3] and he could be required later to register as a sex offender. He further "agree[d] to all the attached conditions," which set forth special conditions of probation for sex offenders.

¶4        At the change of plea hearing, Cruz stated he had touched the victim's breasts even though "she didn't have the capacity to consent" because she was intoxicated. The sentencing court accepted the plea agreement but deferred deciding whether to require Cruz to register as a sex offender. In accepting the plea, the court also incorporated the grand jury transcript, which included testimony supporting the sexual offense charges brought against Cruz. The court later sentenced Cruz to .5 years' incarceration. It did not require Cruz to register as a sex offender.

¶5        In March 2021, the trial court granted Cruz's motion to set aside his conviction over the state's objection. The court reasoned that § 13-118 requires a sentencing court to "find sexual motivation by special verdict," similar to the now-outdated process by which judges found an aggravating circumstance in the capital punishment sentencing context.[4] After reviewing portions of the transcripts from the change of plea and sentencing hearings, the court concluded that Cruz's "mere recitation of the facts" was insufficient to "constitute a finding of sexual motivation by the sentencing judge," and no other such finding existed on the record. It therefore granted Cruz's motion to set aside his conviction under § 13-905.

¶6        The state appealed, arguing that "Cruz admitted in his plea agreement to the sexual motivation for the crime and the underlying nature of the crime clearly showed sexual motivation." We have jurisdiction under A.R.S. § 12-120.21(A)(1).

## Discussion

¶7        The state contends the trial court erred in setting aside Cruz's conviction, arguing "he pleaded guilty to a sexually motivated crime"

---

[3]Here, again, the plea agreement mistakenly cited § 13-811 instead of § 13-118.

[4]As the trial court correctly noted, this has not been the process since before the United States Supreme Court held in *Ring v. Arizona*, 536 U.S. 584, 588-89, 609 (2002), that capital defendants are entitled to a jury determination on aggravating factors necessary for imposition of the death penalty.

under § 13-118, rendering the conviction ineligible for set-aside under § 13-905. We review a trial court's decision whether to set aside a conviction for abuse of discretion, and we review de novo issues of statutory construction. *See State v. Hall*, 234 Ariz. 374, ¶ 3 (App. 2014). "An error of law committed in reaching a discretionary conclusion may . . . constitute an abuse of discretion." *Id.* (alteration in *Hall*) (quoting *State v. Wall*, 212 Ariz. 1, ¶ 12 (2006)).

**¶8**		In setting aside Cruz's conviction, the trial court reasoned "when accepting a guilty plea that includes an allegation of sexual motivation, the Court must make a finding of sexual motivation" and that finding "must be made just like an element of the offense." Cruz similarly argues the state did not meet § 13-118's procedural requirements because it filed no special allegation of sexual motivation, nor was there a "special verdict" of sexual motivation other than that "implied" by the record.

**¶9**		We disagree. Cruz's plea agreement constituted more than a mere allegation of sexual motivation. Rather, it was an admission of sexual motivation, and the sentencing court's acceptance of the plea agreement's terms thus constituted a finding of sexual motivation under § 13-118. *See Fushek v. State,* 218 Ariz. 285, ¶ 28 (2008) (Section 13-118's requirement that state prove sexual motivation beyond reasonable doubt "akin to an element of an aggravated offense"); *State v. Ring*, 204 Ariz. 534, ¶ 93 (2003) (when "defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, we will regard that factor as established"). Cruz expressly admitted in the plea agreement that he had acted in furtherance of sexual gratification and in violation of § 13-118. He also agreed that he could be required to register as a sex offender. And, he agreed to admit to non-consensual sexual contact with the victim, which he did during the change of plea hearing. The court's acceptance of these admissions therefore satisfied § 13-118's requirement that the trier of fact find the crime was committed with sexual motivation.

**¶10**		We are not persuaded by Cruz's argument that the state was required to file a special allegation under § 13-118 for the sentencing court to find that the assault was committed with sexual motivation. The indictment that formed the basis for the plea agreement charged Cruz with sexual assault and sexual conduct with a minor under eighteen. Both crimes are expressly listed as sexual offenses in our state's criminal code, and a conviction of either would have required Cruz to register as a sex offender, making him ineligible for a set-aside under § 13-905(N)(2). *See* A.R.S. §§ 13-1405, 13-1406, 13-3821(A)(4), (5). Thus, the state was not required to file a special allegation of sexual motivation under § 13-118 to

pursue these consequences. *See* § 13-118(A) ("In each criminal case involving an offense *other than a sexual offense*, the prosecutor may file a special allegation of sexual motivation . . . .") (emphasis added). It would be unreasonable to adopt Cruz's position that the prosecutor had somehow "avoid[ed] the requirement of filing a special allegation" of sexual motivation, when that aspect of the crime was inherent in the charging documents.[5] Rather, by requiring Cruz to admit to sexual motivation in the plea agreement, the state included as part of its bargain the indictment's intent to render Cruz ineligible for a set-aside and to have him considered for registration as a sex offender.

**¶11**        Finally, both parties cite our recent opinion in *State v. Tyau*, 250 Ariz. 659 (App. 2021), as supporting their position. In affirming a trial court's denial of a motion to set aside convictions for criminal trespass, we concluded that § 13-118 does not require a court to make the finding of sexual motivation formalistically. *Tyau*, 250 Ariz. 659, ¶¶ 5-12. Rather, we reasoned that the finding of sexual motivation has been made if it is clear from the record, in its totality. *See id.* ¶¶ 10-12. Here, we similarly conclude that an express admission of sexual motivation in a plea agreement supports a court's finding of sexual motivation under § 13-118 in accepting the agreement.

## Disposition

**¶12**        Because Cruz's conviction included a finding of sexual motivation pursuant to § 13-118, it is ineligible for set-aside under § 13-905(N). We therefore vacate the trial court's order setting aside Cruz's conviction, and we remand for further proceedings consistent with this opinion.

---

[5]The parties do not argue, and we do not address, whether one count in an indictment charging a sexual offense can serve as an allegation of sexual motivation under § 13-118 for a different, non-sexual count in the same indictment.