NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ALFONSO E. TOVAR, *Appellant*.

No. 1 CA-CR 21-0410
FILED 6-2-2022

Appeal from the Superior Court in Maricopa County
No. CR1994-002255
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Attorneys For Freedom Law Firm, Chandler
By Marc J. Victor
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 Alfonso E. Tovar appeals from the superior court's denial of his motion to restore his right to possess a firearm. Because Tovar has shown no error, the ruling is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In 1995, a jury found Tovar guilty of aggravated assault, a Class 3 dangerous felony offense, and he was sentenced to six years in prison. His conviction and sentence were affirmed on appeal. *See State v. Tovar*, 187 Ariz. 391, 391 (App. 1996). Tovar served his time and was released from prison in 2001.

¶3 In 2016, the superior court granted Tovar's motion to set aside his conviction. In 2020, however, the court vacated that 2016 order, explaining convictions for dangerous offenses are not eligible to be set aside. On appeal, this court vacated the 2020 order, finding the court lacked jurisdiction to enter it. *State v. Tovar*, 1 CA-CR 20-0175, 2021 WL 1259371, at *2 ¶ 10 (Ariz. App. Apr. 6, 2021) (mem. dec.). That appeal allowed Tovar "to refile an application to restore his firearm rights," but did not decide whether he "can ever have his right to possess a firearm restored." *Id.*

¶4 Tovar again moved to restore his firearm rights, which the superior court denied citing "the nature of the offense." In denying Tovar's motion to reconsider, the court noted Tovar "intentionally shot the victim causing injuries that could have easily resulted in more severe consequences or death." The court added that, "[f]or the protection of the public and, on this record, defendant's request remains denied." This court has jurisdiction over Tovar's timely appeal pursuant to Article 6, Section 9,

of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(3) (2022).[1]

## DISCUSSION

**¶5**         Tovar argues the superior court improperly refused to restore his firearm rights. Discretionary rulings are reviewed for an abuse of discretion, while statutory interpretation is reviewed de novo. *State v. Hall*, 234 Ariz. 374, 375 ¶ 13 (App. 2014).

**¶6**         A felony conviction suspends certain civil rights of the convicted person, including "[t]he right to possess a firearm." A.R.S. § 13-904(A)(5). Such a person has "a limited, state-created interest in a proceeding to restore [the] right to possess firearms." *Pinal Cty. Bd. of Sup'rs v. Georgini*, 235 Ariz. 578, 585 ¶ 24 (App. 2014). The statute authorizing the ability to regain firearm rights following a felony conviction declares that "[a] person who is convicted of a dangerous offense under § 13-704 . . . may not file for the restoration of the right to possess or carry a firearm." A.R.S. § 13-910(A). Similarly, the statutory provision stating that, "if a conviction is set aside, the person's right to possess a firearm is restored" does not apply to individuals "convicted of a serious" or "dangerous offense." A.R.S. §§ 13-905(M) & (N)(1). Moreover, even when eligible to seek such a right, the court is directed to consider various factors, including the "nature and circumstances of the offense that the conviction is based on." A.R.S. § 13-905(C)(1).[2]

**¶7**         Tovar's aggravated-assault conviction was a "dangerous offense," and the superior court properly considered the nature of the conviction in denying his motion. *Id.*; *see also State v. Olvera*, 191 Ariz. 75, 77 (App. 1997) (noting "the past conduct which was considered by the Arizona legislature, that is, a felony conviction, can reasonably be found to indicate unfitness to engage in the future activity of possession of a firearm"). Although Tovar argues the court erred by purportedly relying solely on the nature of his conviction, he provides no authority suggesting that courts are prohibited from doing so. Given that the facts show Tovar fired several

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Although Tovar also cites A.R.S. § 13-907, that "section does not apply to a person's right to possess a firearm as defined in section 13-3101. The court may order restoration of the right to possess a firearm pursuant to section 13-910." A.R.S. § 13-907(C).

gunshots at the victim on a residential street during a gang-affiliated dispute, Tovar has shown no error. *See Tovar*, 187 Ariz. at 392.

¶8          Nor is Tovar entitled to relief based on his assertion that the "set-aside order converts a felon to a non-felon" and he is "therefore not a felon as a matter of law." Under Arizona law, convictions that are set aside may "continue to serve as the basis for restricting a defendant's right to bear firearms." *Hall*, 234 Ariz. at 377 ¶ 11 (also noting firearm-rights restoration is "separate and distinct from the restoration of other civil rights"). Moreover, setting aside a conviction neither "eliminate[s] all consequences of a person's criminal conviction" nor renders the conviction a nullity. *Id.* (convictions that are set aside can still be used for specified purposes, including sentencing and witness impeachment). Thus, the setting aside of Tovar's conviction did not obviate the decision whether to restore Tovar's firearm rights.

¶9          Although Tovar relies on *Savord v. Morton*, 235 Ariz. 256 (App. 2014), and *Mahar v. Acuna*, 230 Ariz. 530 (App. 2012), those cases do not support Tovar's argument that courts should conduct an "endangerment analysis" when making a section 13-910 determination. Unlike here, those cases involved firearm restrictions imposed by Arizona's order-of-protection law and the federal Gun Control Act. *See Savord*, 235 Ariz. at 258 ¶¶ 1, 5, 260 ¶¶ 22-23; *Mahar*, 230 Ariz. at 531 ¶ 1, 533-35 ¶¶ 10, 16-19. Those statutes require a finding that the defendant poses a credible threat to the physical safety of specified individuals before restricting firearm rights. *Mahar*, 230 Ariz. at 534 ¶ 15. By contrast, A.R.S. § 13-910 contains no credible-threat requirement, and this court will "not judicially impose a requirement the legislature has intentionally chosen not to require." *Hart v. Hart*, 220 Ariz. 183, 187 ¶ 17 (App. 2009).[3]

---

[3] Nor has Tovar shown a violation of his constitutional rights. *See, e.g.*, *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"); *Mathews v. Eldridge*, 424 U.S. 319, 333, 349 (procedural due process).

**CONCLUSION**

¶**10**　　　Because Tovar has shown no error, the denial of his motion to restore firearm rights is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　AA