NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANNA MARIE ARIAGA, *Appellant*.

No. 1 CA-CR 23-0268
FILED 2-29-2024

Appeal from the Superior Court in Coconino County
No. S0300CR97000514
The Honorable Cathleen Brown Nichols, Judge

**REVERSED AND REMANDED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Ammon David Barker
*Counsel for Appellee*

John Trebon, PC, Flagstaff
By John J. Trebon
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**C A T T A N I**, Judge:

¶1          Anna Ariaga appeals the superior court's denial of her application for the restoration of her civil rights and to set aside several of her convictions. The State agrees that the court erred by denying Ariaga's application to have her civil rights restored. The State also agrees that the court erred by relying on an incorrect factual predicate for determining whether Ariaga's endangerment convictions should be set aside, but argues that the case should be remanded for an assessment of whether other factors establish a basis for denying Ariaga's request that the convictions be set aside. Accordingly, and for reasons that follow, we reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          In 1997, Ariaga pleaded guilty to one count of attempted aggravated assault (a class 3 felony) and three counts of endangerment (class 6 undesignated felonies), and she was placed on probation for three years. After she successfully completed probation, the endangerment offenses were designated as class 1 misdemeanors.

¶3          In 2017, Ariaga applied to have her civil rights restored and all of her convictions set aside. The court denied both aspects of her application. In 2023, Ariaga filed a motion to restore her civil rights and to set aside her three misdemeanor convictions. The court restored Ariaga's right to vote but declined to restore her other civil rights or to set aside the misdemeanor convictions.

¶4          Ariaga timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(3).

**DISCUSSION**

¶5          Both parties agree that Ariaga's civil rights, including her firearm rights, should be restored. Under A.R.S. § 13-907(A), first-time felony offenders are entitled to have their civil rights automatically restored upon the completion of probation. Firearm rights are also restored unless

the defendant was convicted of a dangerous or serious offense as defined in § 13-704 and § 13-706. A.R.S. § 13-907(C).

¶6 Here, Ariaga was a first-time felony offender. Because her conviction was designated as non-dangerous, it was not a dangerous offense under § 13-704. A.R.S. § 13-907(C)(1). And because her felony conviction was an "attempt," it was not a serious offense under § 13-706. *See* A.R.S. §§ 13-907(C)(2), -706(F)(1). Thus, the superior court erred by denying Ariaga's request to have her civil rights restored.

¶7 Next, Ariaga contends her misdemeanor convictions of endangerment should be set aside. We review the superior court's decision whether to set aside a conviction for abuse of discretion. *State v. Hall*, 234 Ariz. 374, 375, ¶ 3 (App. 2014). "An error of law committed in reaching a discretionary conclusion may . . . constitute an abuse of discretion." *Id.* (citation omitted).

¶8 Section 13-905(A) allows convicted persons to apply to have their judgment of guilt set aside once they have completed probation. When determining whether to set aside a conviction, the court must consider seven enumerated factors under A.R.S. § 13-905(C), including a "catch-all" provision relating to "any other factor that is relevant to the application." A.R.S. § 13-905(C)(7). A conviction may not be set aside, however, if the person was convicted of a "felony offense in which the victim is a minor under fifteen years of age." A.R.S. § 13-905(P)(4).

¶9 Here, although the superior court could have considered any relevant factor under § 13-905(C)(7), the court denied Ariaga's motion to set aside the endangerment convictions solely because "the Defendant was convicted of undesignated *felony* offenses that involved victims under the age of 15." But that rationale was incorrect because Ariaga's convictions involving victims under the age of 15 were ultimately designated as *misdemeanors*.

¶10 Because the superior court did not indicate whether it had analyzed other factors that may be relevant to the application, we remand for the court to reconsider Ariaga's request.

## CONCLUSION

**¶11** We reverse the superior court's denial of the restoration of Ariaga's civil rights and the court's denial of her request to set aside her convictions, and we remand for further proceedings consistent with this decision.

