NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN HOYT FULLEN, *Appellant*.

No. 1 CA-CR 22-0407
FILED 4-18-2024

---

Appeal from the Superior Court in Yavapai County
No. P1300CR201400199
The Honorable Debra R. Phelan, Judge

**VACATED AND REMANDED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Glen M. Asay
*Counsel for Appellee*

Law Office of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

---

**M O R S E**, Judge:

¶1          John Hoyt Fullen appeals the superior court's denial of his petition to expunge marijuana-related offense records.  For the following reasons, we vacate the superior court's order and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 2014, a grand jury indicted Fullen for: (1) Transportation of Marijuana for Sale (Less than Two Pounds); and (2) Possession of Drug Paraphernalia.  As part of a plea deal, Fullen pled guilty to one count of Possession of Marijuana for Sale (Less than Two Pounds).  In 2015, the superior court placed Fullen on four years of supervised probation.

¶3          In December 2021, Fullen filed a petition to expunge his offense under A.R.S. § 36-2862.  The State objected, arguing that the offense of Possession of Marijuana for Sale was a sale-related offense not eligible for expungement under A.R.S. § 36-2862.  The State also argued the offense was not eligible for expungement under A.R.S. § 36-2682 because the offense involved more than 2.5 ounces of marijuana.  Fullen requested a hearing on the petition.  In February 2022, the superior court denied Fullen's petition without a hearing and without making any findings of fact.  In August 2022, Fullen filed a second petition to expunge and requested a hearing.  The superior court denied this petition in August 2022, without a hearing, finding "the offense described in the petition is not eligible for expungement under A.R.S. § 36-2862."

¶4          Fullen timely appealed the August order, and his attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). After reviewing the record, we ordered briefing pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), and asked both Fullen's counsel and the State to file briefs addressing: (1) whether the superior court erred in failing to hold an evidentiary hearing before denying Fullen's petition; and (2) whether the superior court entered sufficient findings of fact to justify the denial of Fullen's petition.

**¶5**        Both parties did so, and we have jurisdiction.   A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), 36-2862(F).

## DISCUSSION

**¶6**        We review the denial of a petition for expungement for an abuse of discretion.  *State v. Hall*, 234 Ariz. 374, 375, ¶ 3 (App. 2014).

**¶7**        Under A.R.S. § 36-2862(A)(1), an individual who has been convicted by plea of "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana" may petition the superior court to have the record of the offense expunged.  In denying or granting a petition, the superior court "shall issue a signed order or minute entry granting or denying the petition in which it makes findings of fact and conclusions of law."  A.R.S. § 36-2862(B)(4).  Section 36-2862(B)(3) mandates the superior court to grant the petition "unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement."

**¶8**        Fullen argues the superior court erred by not holding an evidentiary hearing or entering sufficient facts in its order denying his petition because the proceedings before the superior court, "established no more than the amount of marijuana was less than two pounds."  *See* A.R.S. § 36-2862(B)(2)(b) (permitting the superior court to hold an evidentiary hearing if "there are genuine disputes of fact regarding whether the petition should be granted").

**¶9**        The State argues that we should not remand for an evidentiary hearing because "Possession of Marijuana for Sale . . . is not one of the conviction's [sic] A.R.S. § 36-2862 lists as eligible for expungement."  The State also argues remand is not necessary because the record contained sufficient facts to determine that "the total weight of the marijuana was in excess of 2.5 ounces but less than two pounds."

**¶10**        As to the State's first argument, we recently concluded that "sale-related" offenses are included within the expungement statute.  *State v. Sorensen*, 255 Ariz. 316, 320, ¶ 12 (App. 2023); A.R.S. § 36-2862(A)(1). Although the State argues that possession of marijuana for sale is not eligible for expungement, it neither acknowledges *Sorenson* nor challenges its analysis of the statutory text.  In the absence of such argument, we decline to depart from *Sorenson*.  *See Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471 (1974) (noting that we consider our decisions "as highly persuasive and binding, unless we are convinced that the prior decisions are based upon clearly erroneous principles").  Therefore, the superior court erred

when it determined that Fullen's conviction for possession of marijuana for sale was per se ineligible for expungement.

¶11     The superior court also erred by failing to make statutorily required findings of fact as to the quantity of marijuana involved in the offense when it denied Fullen's petition. *See* A.R.S. § 36-2862(B)(4); *see also State v. Santillanes*, 254 Ariz. 301, 309–10, ¶¶ 35–36 (App. 2022) (vacating the superior court's expungement order for failure to include findings of fact and conclusions of law), *vacated in part on other grounds*, 256 Ariz. 480 (2024).

¶12     Fullen argues that an evidentiary hearing is necessary to determine whether his offense involved less than 2.5 ounces of marijuana and, thus, is eligible for expungement. The State asserts that a hearing is unnecessary because the superior court could determine the marijuana amount from the grand jury transcript and the State's response to Fullen's expungement motion. The State bears the burden of proving ineligibility by clear and convincing evidence, and we leave for the superior court to determine whether an evidentiary hearing is necessary to decide the amount of marijuana involved in Fullen's offense. *Cf. Santillanes*, 254 Ariz. at 308, ¶ 29 ("Generally, when the State objects to an expungement, the superior court should hold an evidentiary hearing before deciding the petition.").

## CONCLUSION

¶13     We vacate and remand for further proceedings consistent with this decision.

