NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS WILLIAM RHONE, *Appellant.*

No. 1 CA-CR 24-0136

FILED 11-14-2024

Appeal from the Superior Court in Maricopa County
No. CR2008-008074-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kristen Reller
*Counsel for Appellant*

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

H O W E, Judge:

¶1          Thomas Rhone appeals the superior court's denial of his petition to expunge a past marijuana offense under A.R.S. § 36-2862. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 2007, officers searched a two-bedroom apartment Rhone shared with a roommate. Upon finding photographs and a receipt with his name, they determined one of the bedrooms belonged to Rhone. In Rhone's room they found a safe, which contained over six ounces of marijuana. They also found lesser amounts of marijuana in other areas of the apartment.

¶3          In 2008, Rhone pled guilty to one count of possession of marijuana. Rhone pled to a class six felony under A.R.S. § 13-3405, which specifies that a person possessing marijuana with a "weight of less than two pounds is guilty of a class 6 felony," but the plea did not specify an amount. The complaint and information listed the amount as less than two pounds. The superior court suspended the imposition of sentence and placed Rhone on a twelve-month probation term.

¶4          In 2023, Rhone petitioned for expungement under A.R.S. § 36-2862. The State opposed the petition, arguing the offense was not eligible for expungement because the amount exceeded the statutory threshold. The court held an evidentiary hearing and denied Rhone's petition, stating that the offense was not eligible for expungement as it "exceeded the maximum allowable amount set forth in A.R.S § 36-2862." Rhone appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12–120.21(A)(1), 13–4031, –4033(A)(3), 36–2862(F).

## DISCUSSION

¶5          Rhone argues the superior court abused its discretion in finding him ineligible for expungement because it (1) applied the wrong

standard of proof, and (2) made insufficient findings of fact in violation of A.R.S. § 36-2862(B)(4).

**¶6**        An individual may petition the superior court to have the record of an offense expunged if they pled to "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana." A.R.S. § 36-2862(A)(1). The superior court must grant the petition "unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement." A.R.S. § 36-2862(B)(3). This Court reviews the denial of a petition for expungement for an abuse of discretion. *State v. Ibarra*, 254 Ariz. 320, 323 ¶ 5 (App. 2022).

**¶7**        First, Rhone argues that the court erred by conflating the clear and convincing standard required of the State to prove ineligibility for expungement with the probable cause standard required for an arrest. Rhone does not argue that the State presented insufficient evidence for the court to find his conviction ineligible for expungement. Rather, he argues that the court applied the wrong standard of proof, committing an error of law and abuse of discretion. When "the court expressly base[s] its decision upon [an] error of law," it may constitute an abuse of discretion. *State v. Hall*, 234 Ariz. 374, 377 ¶ 12 (App. 2014).

**¶8**        At the evidentiary hearing, the court asked several questions about the implications of an arrest on the expungement eligibility of a subsequent conviction. But the court did not rule at this time and instead took the matter under advisement. These questions were just that, questions during a hearing, and do not replace the court's ultimate ruling on the matter. In its ruling, the court cited to a clear and convincing standard and never stated that it applied a probable cause standard. The use of the word "arrest" in the court's ruling is not dispositive to the standard of proof applied, particularly when the court explicitly stated that it found clear and convincing evidence. The court did not commit an error of law, much less "expressly base[] its decision" on any error. *Hall*, 234 Ariz. at 377 ¶ 12.

**¶9**        The court did refer to Rhone's arrest in its ruling, but the court properly considered the details of his arrest in its inquiry. Especially when the "petitioner's plea agreement and factual basis are silent as to the amount of marijuana involved in the underlying offense," the superior court may extend its inquiry "into a petitioner's arrest, charge, conviction, or sentence." *State v. Santillanes*, 254 Ariz. 301, 308 ¶ 33 (App. 2022), *vacated in part on other grounds*, 256 Ariz. 480 (2024). The superior court may consider the extended record including police reports, original charging documents,

and presentence reports to determine a petitioner's eligibility for expungement. *Id.* at 307–08 ¶¶ 26, 33.

¶10 Here, the plea, information, and complaint all showed only that Rhone possessed less than two pounds of marijuana. Given this lack of specificity, the court reviewed the extended record to determine the basis for the plea and its eligibility for expungement. The court reviewed the State's amended response to Rhone's petition, which included a police report showing that officers seized, weighed, and tested two bags containing 83.3 and 41.9 grams (2.9 and 1.4 ounces respectively) of marijuana from a safe in Rhone's bedroom. The court also considered the testimony of an officer and a crime lab employee at the evidentiary hearing. The officer testified that, in a safe in Rhone's room, they found two large bags of marijuana. The crime lab employee stated that testing revealed the two quantities of "green, leafy substance" found in Rhone's room were 83.3 and 41.9 grams of marijuana, about 6.6 ounces all together. The court ultimately found the offense not eligible for expungement as it "exceeded the maximum allowable amount" of two and one-half ounces set forth in the statute. *See* A.R.S. § 36-2862. The court relied not only on the fact of Rhone's arrest, as he alleges, but on the incident report, supplement, and crime lab report. The record supports the finding, and the court did not abuse its discretion.

¶11 Next Rhone argues the court failed to make sufficient findings of fact. "The court shall issue a signed order or minute entry granting or denying the petition in which it makes findings of fact and conclusions of law." A.R.S. § 36-2862(B)(4); *see also Santillanes*, 254 Ariz. at 308 ¶ 34 (vacating the superior court's expungement order for failure to include sufficient findings of fact and conclusions of law). This Court will vacate an order if we "cannot determine the factual basis of [the court's] conclusion or whether it was legally sound." *Santillanes* 254 Ariz. at 308 ¶ 34 (citation omitted).

¶12 Rhone argues that the court's "erroneous reliance on probable cause cut the Court's analysis short" and it failed to provide sufficient findings of fact outside Rhone's arrest to deny his petition. Because the court did not erroneously apply a probable cause standard and properly considered Rhone's arrest in its determination, the court's finding of fact is sufficient. Rhone argues that the court failed to "include the ultimate fact the court relied on in reaching its decision," but the court found the State established by clear and convincing evidence that the marijuana in the safe in Rhone's bedroom "exceeded the maximum allowable amount set forth in A.R.S. § 36-2862." This is sufficient.

**CONCLUSION**

¶13        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV