NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN HOYT FULLEN, *Appellant.*

No. 1 CA-CR 24-0675

FILED 12-08-2025

Appeal from the Superior Court in Yavapai County
No.  P1300CR201400199
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix, AZ
By Alice Jones
*Counsel for Appellee*

Law Office of Carissa A. Jakobe PLLC, Mankato, MN
By Carissa A. Jakobe
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

**¶1**　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for John Hoyt Fullen has advised this Court that counsel found no arguable questions of law and asks this Court to search the record for reversible error. Fullen was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, this Court affirms the superior court's order denying Fullen's petition for expungement of a prior conviction.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　In 2014, Fullen was arrested and indicted for possession and transportation of marijuana for sale. In 2015, Fullen pleaded guilty to possession of less than 2 pounds of marijuana for sale. In 2022, Fullen filed a petition to expunge this offense from his records pursuant to A.R.S. § 36-2862. The superior court denied that petition. Fullen appealed and this Court vacated the order and remanded to the superior court to make required findings of fact. *State v. Fullen*, No. 1 CA-CR 22-0407 (Ariz. Ct. App. Apr. 18, 2024) (mem. decision). After an evidentiary hearing on remand, the superior court denied his petition for expungement.

**¶3**　　　The superior court conducted the evidentiary hearing in compliance with Fullen's constitutional rights and Arizona Rule of Criminal Procedure 36(c). At the hearing, a trooper for the Arizona Department of Public Safety testified that during a traffic stop of Fullen, he discovered an amount of marijuana in Fullen's possession that appeared to be more than 2.5 ounces. The trooper testified he had experience in the visual estimation of quantities of marijuana. Another trooper for the Department testified the weight of the marijuana collected from Fullen during the stop, including the containers it was weighed in, was 7.68 ounces and estimated the weight of the marijuana itself was 6.73 ounces. Fullen testified he was delivering the marijuana to multiple medical marijuana patients as an employee of an LLC and on behalf of his wife who was a certified caregiver of medical marijuana.

¶4        The superior court concluded that, based on the testimony at the hearing, the State had proven by clear and convincing evidence that Fullen had possessed more than 2.5 ounces of marijuana, thus making him ineligible for expungement under A.R.S. § 36-2862.

## DISCUSSION

¶5        This Court reviews the denial of a petition for expungement for an abuse of discretion. *See State v. Hall*, 234 Ariz. 374, 375 ¶ 3 (App. 2014). Counsel for Fullen has advised this Court that after a diligent search of the entire record, counsel has found no arguable questions of law. This Court has read and considered counsel's brief and fully reviewed the record for reversible error, *see State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012), and finds none. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Fullen at all stages of the proceedings, and the superior court's decision did not constitute an abuse of discretion. *See Hall*, 234 Ariz. at 375 ¶ 3. This Court declines to order briefing and affirms the superior court's denial of Fullen's petition for expungement.

¶6        Upon the filing of this decision, defense counsel shall inform Fullen of the status of the appeal and of his future options. *See State v. Shattuck*, 140 Ariz. 582, 585 (1984). Counsel has no further obligations unless, upon review, counsel finds "an issue appropriate for submission to" the Arizona Supreme Court. *See id.* at 584–85. This Court, of its own accord, grants Fullen 30 days from the date of this decision to proceed, if he desires, with a motion for reconsideration. *See* Ariz. R. Crim. P. 31.3(a) ("For good cause, an appellate court . . . may suspend any provision of [Rule 31] . . . and may order such proceedings as the court directs."); Ariz. R. Crim. P. 31.20(c) (allowing 15 days to move for reconsideration). Fullen may petition the Arizona Supreme Court for review no later than 30 days after the date of this decision or, if Fullen files a timely motion for reconsideration, no later than 15 days after that motion is decided. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).

## CONCLUSION

¶7      For the foregoing reasons, this Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR